## GAREY v. HINES.

1. Where a judgment is obtained in a suit commenced by attachment, the plaintiff may, at his election, take out a *venditioni exponas* for the sale of the property attached, or he may sue out an ordinary *fi. fa.* In the latter case it would be proper for the clerk to endorse on the writ a description of the property attached, and of the persons by whom it was replevied, that the sheriff might demand the property seized by the attachment, and if not delivered, return the bond forfeited. If the property attached is not delivered, or is insufficient to satisfy the judgment, it would be the duty of the sheriff to levy on other property.

Error to the County Court of Sumter.

THIS was a motion against the plaintiff in error, as sheriff of Sumter, for failing to make the money on an execution of the defendant in error.

The parties having gone to trial on an issue, it appears from the

bill of exceptions found in the record, that the execution which came to the sheriff's hands, was a *fieri facias*, issued upon a judgment obtained in a suit commenced by original attachment, which was levied on a number of slaves, of value more than sufficient to pay the debt, and an endorsement of this fact was made upon the *fi. fa.*, and of the property levied on by the attachment, which had been replevied and returned to the defendant.

That the sheriff proceeded under the execution, to levy on the slaves of the defendant, so replevied, who appeared with his gun, and threatened to shoot the sheriff, if he persisted in taking the negroes. The sheriff abandoned the slaves, and the defendant carried them off the next day. The sheriff returned upon the execution a demand and refusal to deliver the property replevied, and forfeiture of the bond : an execution, issued upon the forfeited bond, was afterwards quashed.

The Court charged the jury, that the execution on its face, was an ordinary *fi. fa.*, and was not controlled, or modified by the endorsement. That it was the duty of the sheriff to have levied on sufficient property, and that a demand of the property mentioned in the endorsement on the execution, and return of forfeiture of the bond, was not a compliance with his duty. That the process was not a *venditioni exponas*, and that the endorsement of the clerk was improper ; that therefore the action of the sheriff in conformity with it was improper.

The defendant requested the Court to charge, that in this case the sheriff had no power to levy ; that it was his duty to demand the property mentioned in the clerk's indorsement ; and on failure to deliver it, to make the return he did. That if he did seize the property under the process in his hands, he was justified in delivering it on the demand of the defendant in execution. That the sheriff had no power to levy, or take any other property than that mentioned in the endorsement.

Also to charge, that the clerk had no power to issue an execution against the defendant's land and goods generally. Further, that if the sheriff rightly made the levy, and believed his life in jeopardy, under the threat made, he was excusable in relinquishing the levy.

The Court left it to the jury to say whether the sheriff's life was in jeopardy, and refused the other charges moved for. To

Garey v. Hines.

the charge given, and to those refused, the defendant excepted, and now assigns as error.

R. H. Smith, for plaintiff in error.—The *lien* of the plaintiff continued, notwithstanding the execution of the replevy bond, and that levy being sufficient, no other can be made until it is exhausted. [Clay's Dig. 61, § 33, 35 ; 1 Ala. 678 ; 7th Id. 138.] The sheriff is not bound to risk his life, and of that he is the proper judge.

Hair, contr̃a, cited 9th Porter, 70, 405 ; Clay's Dig. 205, § 18, 21 ; 203, § 9.

ORMOND, J.—The attachment law of 1837, [Clay's Dig. 61, § 33,] evidently contemplated, that the property levied on should continue in specie for the satisfaction of the judgment when obtained, but it does not follow, that the plaintiff in attachment can not resort to other property of the defendant for the satisfaction of the judgment. That an ordinary *fi. fa.* may be issued in such a case, is expressly provided by statute ; [Clay's Dig. 62, § 35,]— " that where judgment shall be rendered, execution may be issued in the usual way, which shall be first levied on the property attached, if to be had, and then upon any other property of the defendant." This section, it is true, relates to ancillary attachments sued out after the commencement of the action ; but it is evident, that such attachments are, in all respects, upon the same footing, with a suit commenced in the first instance by attachment.

The plaintiff in attachment may therefore, at his election, sue out a *venditioni exponas* for the sale of the property attached, or he may take out an ordinary *fi. fa.*, which may be levied on the property originally seized, or on any other effects of the defendant. If the latter mode is resorted to, it is certainly proper that the clerk should endorse upon the writ, a description of the property attached, and of those by whom it was replevied, that the sheriff may make demand of the property, and if not delivered, return the replevy bond forfeited. This endorsement, however, does not change the character of the writ, or deprive the sheriff of the power of levying on any other property of the defendant. If the property attached is not delivered up on demand, or is in-

sufficient to satisfy the judgment, it would be his duty to levy on other property, if to be had.

No question arises upon the fact, that the sheriff delivered up to the defendant the property he had levied on, upon a threat of personal violence, as the Court left it to the jury to say, whether the life of the sheriff was in jeopardy, in accordance with the charge moved for upon that point.

Let the judgment be affirmed.