## HOGAN *vs.* REYNOLDS.

1. When a judgment is recovered against the surviving partners on a firm debt, and the amount of the judgment is afterwards paid to the plaintiff by a stranger, with money furnished him for that purpose by one of the defendants and the executor of the deceased partner, the judgment is satisfied, and it cannot be kept alive, by assignment to such third person, for the purpose of enforcing the collection of it from the other defendant.

ERROR to the Circuit Court of Talladega.

Tried before the Hon. E. PICKENS.

Walker Reynolds commenced a suit, on a firm debt, against the firm of James A. Hogan & Co., which was composed of James A. Hogan, John F. Tompkies and John Hardie. Hardie died pending the suit, and judgment was afterwards

rendered against the two surviving partners. After the rendition of the judgment, Benjamin A. Smoot paid the full amount of it to the plaintiff, and took from him an assignment of the judgment. The money so paid to Reynolds by Smoot did not belong to the latter, but was furnished to him by Tompkies and the executor of Hardie, each furnishing one half; and the money advanced by Hardie's executor belonged to the estate of his testator.

Upon this state of facts, James A. Hogan moved the Circuit Court to have satisfaction of the judgment entered. A jury was empannelled to try the issue; and the court charged them, that the money furnished to Smoot by Tompkies operated as a satisfaction *pro tanto* of the judgment, but that the money furnished by Hardie's executor did not; to which charge Hogan excepted. The jury returned a verdict, that the cost and one half of the principal was unpaid; whereupon the court ordered the judgment to be satisfied according to the verdict, leaving unsatisfied the cost and one half the amount of the judgment.

Hogan now brings the case to this court, and assigns for error; 1. The charge of the court; 2. The matters disclosed by the bill of exceptions.

WATTS, JUDGE & JACKSON, for plaintiff in error:

The question presented by the record, is this: Does a payment by, or a transfer to, the representative of a deceased partner of a judgment obtained against the surviving copartners, on an indebtedness upon which the estate of such decedent is liable, operate as an extinguishment of the same?

In case of a judgment against all the co-partners, it is clear that one could not thus purchase and use the judgment; and the *principle* applies in full force, where there is no judgment, but, as in this case, an *admitted liability.*

It is a familiar principle, that one co-partner cannot sue another at law, whilst the partnership affairs are unsettled, and no balance struck.

This court has held, too, in many cases, that a sheriff paying a judgment, cannot use the execution against the defendant. Rutland's Admr. v. Pippin, 7 Ala. 469; Roundtree v. Weaver, 8 Ala. 314; Crutchfield v. Haynes et al. 14 Ala. 49.

And even a surety, whose equity is certainly equal to that of a co-partner, cannot pay the judgment and use the execution to reimburse himself out of his principal. Morrison et al. v. Marvin, 6 Ala. 797; Abercrombie v. Connor, 10 Ala. 293; Thompson v. Wallace, 3 Ala. 132. See, also, Chandler et al. Exrs. v. Shehan, 7 Ala. 251, deciding that a party liable to pay a debt cannot sue upon it.

But the following citations are deemed to be more in point, and, in *principle*, conclusive: Bartlett & Waring v. McRae, 4 Ala. 688; Avery & Woodcock v. D. & B. Petten, 7 John. Ch. Rep. 211; Milton v. Codd et al., 7 Barn. & Cres., 419; Teague v. Hubbord, 8 Barn. & Cres. 345; Bank U. S. v. Winston's Exr. et al., 2 Brock. 232.

RICE & MORGAN, *contra:*

1. Even if it be conceded that the payment of a judgment by one who is technically a party to the note or bill or receipt on which the judgment is founded, and also a party to the judgment, is, *per se, a satisfaction*, yet it is clear, that an advance of the money by one who *is not a party to the judgment*, or the cause of action on which it is founded, to the plaintiff in the judgment, does not annul or satisfy the judgment; especially if the plaintiff agrees or consents that the judgment shall stand open, for the re-imbursement of the person making such advance. Clason v. Morris, 10 Johns. R. 525; Lyon v. Bolling, 9 Ala. 463; Leach v. Williams, 8 Ala. 764.

2. Hogan and Tompkies were *surviving partners,* and the only defendants in the judgment. As surviving partners and defendants in the judgment, they were bound to pay off the debt, and were entitled to all the partnership property for that purpose. There was no duty on John T. Hardie to pay. He was not a partner, nor a party to the debt or judgment. And although he may have been executor of the *deceased partner*, that did not affect the case.

It is clear there is no error in the judgment below, of which Hogan, a surviving partner and defendant in the judgment, can be heard to complain.

DARGAN, C. J.—The case of Bartlett & Waring v. Lang,

4 Ala. 688, fully sustains the plaintiff in error, and shows that the court erred in the charge given to the jury. In that case, Bartlett & Waring had recovered a judgment against McRae, as surviving partner of McRae & Lang, on which execution had been issued, and was returned no property. After this, they sued Mrs. Lang, as the administratrix of Willis Lang, the deceased partner, and obtained judgment against her. She then paid the amount of the judgment to Bartlett & Waring against McRae, and took an assignment of it to herself. McRae afterwards moved the court to quash the execution, and to have satisfaction of the judgment entered. This court held, that Mrs. Lang could not, by paying the amount due on the judgment, and taking an assignment of it, continue it in force for the purpose of having execution against McRae, the surviving partner. The case at bar falls directly within this decision; for, though the judgment was assigned to Smoot, it was paid, in part, by Tompkies, and in part by John T. Hardie, as executor of John Hardie, deceased; that is, Tompkies and John T. Hardie furnished the money to Smoot, who paid the judgment to Reynolds, and the money furnished by John T. Hardie belonged to the estate of John Hardie, deceased, who was bound for the debt as a co-partner. Reynolds, therefore, has received his money, and from those who were liable to pay it. This is a satisfaction, and the judgment cannot be kept on foot to coerce collection out of Hogan, for the benefit of the other members of the firm.

The rule established by the case of Bartlett & Waring v. Lang, may be thus stated: If a judgment is paid by one *who is a principal* in the debt, and, as such, is bound to pay, he cannot, by obtaining an assignment of the judgment, keep it alive in order to coerce payment from his co-principal; and we cannot permit him to do, in the name of another, what he would not be allowed to do in his own.

Let the judgment be reversed, and the cause remanded.

CHILTON, J., did not sit in this case.