## AUTRY *vs.* WALTERS, Adm'r.

[REAL ACTION IN THE NATURE OF EJECTMENT.]

1. *Attachment; when lands as well as personal property, may be sold either by a venditioni exponas or fieri facias.*—Lands levied upon by attachment, after judgment for the plaintiff may, as well as personal goods so levied on, be sold at the election of the plaintiff, by either a *venditioni exponas* or the ordinary writ of *fieri facias.*

APPEAL from the Circuit Court of Fayette.
Tried before Hon. W. S. MUDD.

This was a real action in nature of ejectment, under the Code, for the recovery of land, brought by appellee against the appellant. The land in question formerly belonged to Rowena McGinnis, and both parties derived title through her.

The appellee, against the objection of appellant, was allowed to prove that on the 8th of January, 1866, an original attachment was duly and regularly issued out of the circuit court of the county, at the suit of John King against said McGinnis, and duly and regularly levied and endorsed and returned; and that the original papers had been stolen from the court-house. The appellee was then allowed to offer in evidence, against the objection of the appellant, the return on said attachment, which was as follows:

"Received in office, 8th of January, 1866.

T. D. ENNIS, Sh'ff.

"For want of goods or chattles, I levy this attachment on the following lands, [describing those sued for in the present action,] as the property of Rowena McGinnis; this 8th day of January, 1866. T. D. ENNIS, Sh'ff."

The appellee then proved from the records of the circuit court, that the plaintiff in the attachment suit duly recovered judgment against said McGinnis, and that upon this judgment a *venditioni exponas* was duly issued on the 19th

of April, 1868, commanding the sheriff to expose for sale the lands levied on to satisfy said judgment; that in accordance with this order, the sheriff duly advertised said lands and sold the same according to law; that at this sale appellee became the purchaser and received the sheriff's deed to the lands on the 5th of July, 1869. The deed and all the proceedings, anterior thereto, were in due form, and no objection was taken to them on account of form, but the defendant objected to their admission as evidence on the ground that the deed, &c., were illegal evidence. The court overruled the objection and permitted the deed, &c., to go to the jury as evidence and defendant excepted.

The defendant claimed under a deed from said McGinnis, dated 27th March, 1866, whereby, in consideration of $1000, she conveyed the lands in controversy to defendant. This deed had been "duly recorded."

The jury found a verdict in favor of the plaintiff (appellee), and hence this appeal.

Among other errors assigned is the admission of the sheriff's deed, &c., as shown in the bill of exceptions.

WM. R. SMITH, for appellant.

E. P. JONES and A. J. WALKER, contra.—We have been able to find only one section of the Revised Code directly authorizing the issue of writs of venditioni exponas which applies to "goods" levied on by virtue of a fieri facias, and remaining unsold. But the power to issue an order of sale, or venditioni exponas to make the attachment, and judgment in pursuance of it effective, is deducible from several sections of the Code. 1. Attachments may be levied on real estate.—Revised Code, § 2943. 2. The levy of an attachment creates a lien from the levy.—Revised Code, § 2955. 3. Perishable property may be sold by order of court before judgment, and under some circumstances by sheriff without an order.—Rev. Code, §§ 2956, 2957. 4th. The sheriff is allowed fees for selling property attached, the same as for selling on fieri facias, thus implying that property attached may be sold otherwise than under a fieri

*facias.*—Rev. Code, § 3518.   5th. The form of the attachment does not provide that the property attached should be held subject to a future writ of *fieri facias,* but to further proceedings to be had "at the court-house"—thus implying that the property should be held subject to be rendered.— Rev. Code, § 2939.

A writ of *fieri facias* may be a *permissible,* but not an *appropriate,* mode of enforcing the specific lien acquired by the levy of an attachment.   A *fieri facias* issues against the goods and chattels, lands and tenements generally of the defendants.   Its office is not to enforce a specific lien. The condition of property attachment is strictly analagous to that of property levied on by virtue of a *fieri facias* and remaining unsold.   A *venditioni exponas* was at common law the appropriate remedy in the latter case.—2 Tidds. Practice, pp. 1020, 1021, 1068.

The question as to the right to sell goods attached under a *venditioni exponas,* is settled in this State in the case of *Gary v. Hines,* 8 Ala. 837.   When the decision in *Gary v. Hines, supra,* was made, there was no statute authorizing the issue of *venditioni exponas* to sell property attached, any more than there is now.—Clay's Digest, 62, § 35.   This section expressly gives a *fieri facias.*   Nevertheless, the supreme court held, that a sale might be made under a *venditioni exponas.*   This decision is a rule of property.   It has been generally acted on.   It may have been the guide in the issue of the *venditioni exponas* in this case.   Such decisions should be adhered to.

The following authorities are decisive of the question in this case : *Smith ex dem. v. Spencer,* 4 Iredell's Law, 256 ; *Farmer's Bank v. Thomas Wallace,* 4 Harrington (Delaware R.) 370 ; *Carson Low v. Doe ex dem. Huntington* 5, Smedes & Marshall (Miss.) 111 ; 5 Howard's Miss. 548.

PECK, C. J.—The only question made on this record is, can land levied upon by an attachment, after judgment for the plaintiff, be sold under a *venditioni exponas ?*

We have no hesitation in answering this question in the affirmative.   Until the year 1837, lands were not subject

to be levied upon by an attachment. By an act of that year, (Clay's Dig. p. 60, § 29,) it is provided that "whenever an original attachment shall be issued for, or upon any of the causes now provided by law, it shall be lawful to levy the same upon any land belonging to the defendant in such attachment, by the officer whose duty it may be to levy or execute the same, in the same manner that attachments are, or may be by law authorized to be levied on goods, chattels, or effects."

In the case of *Gary v. Hines*, 8 Ala. 837, it is decided that "where a judgment is obtained in a suit commenced by attachment, the plaintiff may, at his election, take out a *venditioni exponas* for the sale of the property attached, or he may sue out an ordinary *fieri facias*."

In that case, it is true, the attachment was levied on personal property, and not lands, but the language of the court is broad enough to embrace lands so levied upon, as well as personal property.

Now, as is often the case, suppose lands and personal property be levied upon by the same attachment, after judgment, can there be any good reason why both may not be sold under the same writ? We are unable to see any.

If, in such a case, the property levied upon is sufficient to satisfy the judgment, so as to render a resort to other property unnecessary, the appropriate writ would seem to be a *venditioni exponas* to sell the property on which the plaintiff acquired a lien by the levy of his attachment, rather than the ordinary *fieri facias*.

For these reasons, it seems to us, the court below decided rightly in overruling the appellant's objections to the admissibility of the *venditioni exponas* and the sheriff's deed for the lands sold under that writ.

Let the judgment be affirmed at appellant's cost.