# Dryer *v.* Graham, Adm'r.

### Motion to Quash Venditioni Exponas.

1. *Administrator de bonis non may move to vacate sale of intestate's land.*—There is such privity between an administrator de bonis non and his intestate, as will authorize the former to move a vacation of a sale of the intestate's lands upon irregular process.

2. *Execution lien; against whom and how lost by suspension of execution.*—The lien of an execution may be lost as against junior creditors, mortgagees, or vendees acquiring rights during the time the execution may be stayed by order of the plaintiff; but as against the defendant in execution, his personal representative or heirs, the mere suspension of the execution will not affect the lien.

3. *Venditioni exponas; issuance and nature of; when proper writ; sale under.*—Although the statute declares, that a *fieri facias* issued and received by the sheriff during the life of the defendant, may be levied after his death; or if a term has not intervened, that an *alias* may issue and be levied, and does not expressly authorize the issue of a *venditioni exponas;* yet the *venditioni exponas* is in the nature of an *alias* execution as to property upon which a levy has been already made, is within the spirit of the statute, and a proper writ to complete the execution already begun; and if issued in continuation of the lien acquired in the life of the defendant, a sale under it will pass the decedent's title.

APPEAL from the Circuit Court of Macon.
Tried before the Hon. JAMES E. COBB.
It appears from the record that judgment was obtained by

one E. M. Ervin against the intestate (one L. B. Strange) of A. H. Graham, the appellee, at the Spring term (1868) of said court; that execution was issued upon said judgment and returned to the Fall term; that an execution was issued on the 29th of September, 1874, and placed by the then sheriff in the hands of his successor, and levied on lands sold January 2d, 1875. Notice, in writing, of the levy, was given defendant Strange. There was an endorsement by the sheriff of "stayed by order of plaintiff's attorney." Strange died in February, 1875.

On the 14th of April, 1875, a *ft. fa.* was issued and an endorsement of levy by the sheriff. On the 28th of April, 1875, a "*venditioni exponas,*" was issued by the clerk upon which there was an endorsement of "stayed by order of plaintiff's attorney, June 2d, 1875." And on the 2d of November, 1875, a "*venditioni exponas*" was issued, under which the land purchased by appellant was sold, this land being included in the former levies. Proof was made that this writ issued without an order of court authorizing it.

The appellee, as administrator *de bonis non* of said L. B. Strange, made a motion to quash the *venditioni exponas* for the sale of certain lands therein described, and to set aside the sale of said lands under said writ, on the grounds, 1st, because said writ is void; 2d, because said writ is not authorized by law; 3d, because said lands were sold for an inadequate price; 4th, because said lands were sold after the death of said defendant; 5th, because the levy upon said lands, and the sale thereof, were not as the statute provides. The appellee withdrew the third ground of his motion.

The appellant, T. B. Dryer (defendant to the motion below), objected to the allowance of said motion, on the following grounds—1st, because the motion on its face shows that the party who made the same could not, under the law, do so; 2d, because the administrator *de bonis non* could not, as sole party, make said motion." The court overruled these objections, and—after hearing evidence—granted the motion upon all of the grounds, except the third, which was withdrawn.

The rulings of the court in granting the motion and setting aside the sale, are now assigned as error.

S. B. PAINE, and McIVER & BREWER, for appellant.

R. H. ABERCROMBIE, and J. A. BILBRO, *contra.*

BRICKELL, C. J.—1. It is insisted by the appellant, that although the issue of the *venditioni exponas* may have been irregular, and the sale of the lands under it unauthorized,

[Dryer v. Graham, Adm'r.]

the administrator *de bonis non* has not such an interest in the lands, and can sustain no such injury as will entitle him to move a vacation of the sale. It is certainly true, that an application to a court of law for the vacation of a sale, made under its process, will not be entertained at the instance of a mere stranger to the process, and who is without interest in the property sold. But whoever is a party or privy to the process, and has interests which will be injuriously affected if the sale is permitted to stand, may move its vacation.—*Abercrombie v. Conner*, 10 Ala. 293; *Lee v. Davis*, 16 Ala. 516; Freeman on Executions, § 305. The statutes entitle an administrator, whether the administrator in chief or an administrator *de bonis non*, to enter on and take possession of the lands of the intestate, intercepting the right of the heir to enter. Whether the estate is solvent or insolvent, he may in his representative capacity maintain an action for the recovery of possession, if it is withheld from him. Power to rent the lands is conferred, and it is his duty, if a sale of them is necessary for the payment of debts or for distribution, to apply for and obtain orders of sale from the court of probate. He is a privy to the process against his intestate, and the right of entry and possession with which he is clothed, would be embarrassed if he was not allowed to maintain a motion to set aside an irregular or illegal sale, under judicial process, as he is to pursue other actions to obtain possession.

2. The record discloses that, prior to the death of the intestate, Strange, there was an execution against him in the hands of the sheriff, a lien, and levied on the lands which was stayed by order of the plaintiff. After his death, without the lapse of a term, an alias execution issued, which was again levied, and after its return a *venditioni exponas* issued commanding the sheriff to sell the lands. It is insisted the lien of the execution, issuing and levied before the death of the intestate, was lost by the order of the plaintiff to stay it. And further, that the statute does not authorize a *venditioni exponas* to issue for the sale of the lands of a deceased person, but requires a lien by execution obtained in his life to be continued in no other mode than by an alias *fieri facias*. Liens of executions may be lost as against junior judgment creditors, mortgagees, or vendees acquiring rights during the time the execution may be stayed by order of the plaintiffs. But as against the defendant in execution, or his personal representative or heirs, or others not acquiring rights or liens, the mere suspension of the execution, has no effect on its lien.

3. A *venditioni exponas* in our practice, is a writ of execution, directed to the sheriff commanding him to sell goods or

chattels, or lands and tenements, on which he has previously levied, and which remains unsold. It is issued by the clerk, as other writs of execution are issued, without any express order from the court. It rests in the election of the plaintiff in execution to take out an alias execution, or a writ of *venditioni exponas.—Gary v. Hines*, 8 Ala. 837 ; *Autry v. Walters*, 46 Ala. 476. If he desires merely a sale of the property on which a levy has been made, and not of other property, or the acquisition of a lien on other property, a *venditioni exponas* is the proper writ. The *venditioni exponas* continues the lien of the execution which has been levied, as to the property on which the levy was made, whether the property be real or personal.—Freeman on Executions, § 60. The writ is, indeed, merely for the continuation and completion of the original execution.—*Taylor v. Doe*, 13 How. (U. S.) 293. And if its mandate is for the sale of lands on which there has been a previous levy, it not only compels a sale, but confers the authority to sell, and the title of the purchaser has relation to the date of the lien of the execution.—*Badham v. Cox*, 11 Ired. 456 ; *Taylor v. Mumford*, 3 Humph. 66. True, the statute declares a *fieri facias* issued and received by the sheriff during the life of a defendant, may be levied after his decease, or if a term does not intervene, an *alias* may be issued and levied, and does not expressly authorize the issue of a *venditioni exponas*. The purpose of the statute is to continue the lien acquired in the life of the defendant, notwithstanding his death, and to authorize such process as is necessary to enforce the lien. A *venditioni exponas* is in its nature and operation, as to the property on which the levy may have been made, an alias execution ; it merely commands and authorizes, as to real estate, the completion of the execution already begun. The result is, the Circuit Court was in error in vacating the sale of the lands, and the judgment must be reversed and the cause remanded.