EDWARD N. SCRUGGS, Retired Circuit Judge.
This case involves an appeal by Mr. Cameron from the denial by the circuit court of his motion to quash garnishment proceedings which had been instituted against him by Mr. Gunter.
The facts were stipulated in the circuit court, and pertinent parts thereof, as established for the record on appeal, are as follows:
Mr. Cameron and Mr. Gunter were jointly sued for an account stated by the Mullin Company, Inc. (Mullin) in 1972. Neither defendant answered Mullin’s complaint, and, in 1974, a judgment by default was rendered against Cameron and Gunter for $326.89. Mulling promptly recorded a certificate of judgment.
In 1976, Gunter paid to Mullin the full amount of that judgment plus interest and court costs, and Mullin assigned the judgment to Gunter, who, shortly thereafter, recorded the assignment in the probate office.
In 1980, Gunter, as “assignee of the Mul-lin Company,” caused a writ of garnishment to issue against Cameron to his employer, which garnishment was founded upon the 1972 judgment. Cameron filed a motion in the district court to quash the garnishment proceedings, and, upon that court’s refusal to quash the writ, an appeal was duly taken to the circuit court. When the circuit court rendered a similar judgment, the present appeal ensued. We reverse and remand.
Neither a legal nor factual foundation, basis or reason for the liability of either of the parties for the debt owed to Mullin for an account stated appears in the stipulated facts. The legal relationship of the defendants to each other is not apparent. Hence, those code sections have no application which grant to a surety who pays a judgment a subrogation right to control and enforce that judgment against a cojudgment debtor. Some such inapplicable provisions are found in §§ 6-9-2, 8-3 — 1 ei seq., and 8-3^40 and 41 of the Code of Alabama 1975. It cannot be ascertained from the stipulated facts that Gunter was Cameron’s surety as that term is defined and used in those statutes. City of Birmingham v. Trammell, 267 Ala. 245, 101 So.2d 259 (1958).
Since no applicable Alabama statute grants such subrogation rights, we have extensively searched the case law upon the subject. An irreconcilable split of authority exists among the various jurisdictions upon the question as to whether a co judgment debtor who pays the judgment is subrogat-ed thereto as against the other cojudgment debtors so as to utilize the judgment to enforce contribution. 73 Am.Jur.2d, Subro-gation § 63, p. 637; Anno., “Right of one cojudgment debtor who pays judgment to be subrogated thereto as against other co-judgment debtors,” 157 A.L.R. 495. In that annotation, only one Alabama case is cited, Hogan v. Reynolds, 21 Ala. 56, 59 (1852).
In the Hogan case, supra, it was stated that, “if a judgment [against two co judgment debtors] is paid by one who is a principal in that debt, and, as such, is bound to pay, he cannot, by obtaining an assignment of the judgment, keep it alive in order to coerce payment from his co-principal , . . . ” See also 49 C.J.S. Judgments § 555.-b, p. 1026. In a case with similar facts, it was decided that such payment discharges the judgment and leaves nothing due which the judgment plaintiff could assign to a cojudgment debtor defendant. Bartlett & Waring v. McRae, 4 Ala. 688 (1843). Where a judgment is rendered against two co-obli-gors, an obligor who pays the judgment in full may not enforce contribution from a cojudgment debtor by means of an execution issued upon that judgment, for the payment satisfied the judgment. Abercrombie v. Conner, 10 Ala. 293 (1846).
*966 While the above cited cases are ancient, we have not pinpointed any Alabama cases to the contrary except those later cases applying the suretyship statutes, supra. Since there could not have been a valid assignment of the Mullin judgment to Gun-ter, § 6-9-196 of the Code of Alabama of 1975 has no present field of operation here, for that code section would only concern assignments which are valid and enforceable. We find no applicable statute which alters those ancient decisions when the stipulated facts of this case are laid alongside the legislative enactment. Insofar as we can determine, the Hogan, Bartlett and Abercrombie cases, supra, are the latest supreme court decisions in point. Those cases are still valid under the circumstances of this case, and we are required to be governed by them. § 12-3-16, Code of Ala. 1975.
Therefore, the writ of garnishment arising out of the Mullin judgment could not be utilized in an attempt by Gunter to obtain contribution from Cameron, a co-judgment debtor, and the motion to quash the garnishment proceedings should have been granted. According to the facts before us, Gunter’s possible remedy is limited under our present law to a separate civil action against Cameron for contribution. Abercrombie v. Conner, supra.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.