MEDINA COUNTY AGRICULTURAL SOCIETY, APPELLANT, *v.* SWAGLER ET AL., APPELLEES.

(No. 1528 — Decided January 28, 1987.)

*John C. Oberholtzer,* for appellant.
*James R. McIlvaine,* for appellees.

GEORGE, J. Hunter R. Morris filed a civil rights action in the federal district court and was awarded a judgment of $25,000, plus attorney fees and other expenses in the amount of $14,208.90. His judgments were awarded jointly against the Medina County Agricultural Society, plaintiff-appellant, and Paul W. Swagler, defendant-appellee.

Morris obtained certificates of judgment and filed liens against Swagler's residence in Medina County. Thereafter, the Medina County Agricultural Society ("Fair Board") paid Morris the amount of the judgments. Morris then assigned the judgment liens on Swagler's property to Fair Board.

Fair Board sought foreclosure on Swagler's property, naming Swagler, his wife and the Medina County Treaurer as defendants. The complaint is dependent upon the lien assignments and mentions the right of Fair Board to receive contribution from Swagler for the amount paid to Morris.

Fair Board filed a motion for summary judgment which was denied. At

the trial court's suggestion Swagler et al. filed a like motion, which was granted. Fair Board brings this appeal claiming the trial court erred in three particulars.

### Assignment of Error I

"The court erred in finding that the appellant did not raise the issue of contribution when the appellant set forth the operative facts underlying contribution in its complaint and prayed for contribution in its demand giving the appellees adequate notice of the nature of the action."

Fair Board denominated its complaint as "Complaint to Foreclose Judgment Lien on Real Estate." The complaint further made specific reference to R.C. 2329.02.

An action for a writ of execution is a purely statutory action which can give rise to only such relief as is provided for by the authorizing statute. Here the relief prayed for, if it is assumed that contribution was sought, was beyond the scope of the statute to provide until an award of contribution had first been reduced to judgment.

Even if this court were to accept Fair Board's contention that its complaint was one in contribution, it would still be necessary to affirm the trial court. The judgment which Fair Board sought to execute against was not a contribution award. Fair Board's action was premature in that Fair Board did not first obtain a court determination as to Swagler's liability for contribution, or for the amount to which it was entitled, before commencing execution. What Fair Board attempted to do was to execute on a judgment of liability and damages for discriminatory conduct before its purported complaint in contribution had been adjudicated.

More importantly, Fair Board was not a judgment creditor of Swagler's and thus was not in a position to institute foreclosure. Morris was the judgment creditor and Fair Board, along with Swagler, remained Morris' judgment debtors. Their status did not change. While Morris assigned, or attempted to assign, the judgment liens over to Fair Board, once a judgment debtor has paid the amount of the judgment such payment discharges the lien and renders it unassignable. *Royal Indemnity Co.* v. *Becker* (1930), 122 Ohio St. 582, 173 N.E. 194, paragraph two of the syllabus.

The first assignment of error is overruled.

### Assignment of Error II

"The court erred in finding that the subject judgment lien was discharged by payment and therefore could not be assigned."

As indicated under the first assignment of error Fair Board was a judgment debtor of Morris, along with Swagler. Thus, the payment by one judgment debtor of the full obligation extinguished the obligation. It thus did not survive and was not assignable.

This assignment of error is overruled.

### Assignment of Error III

"The court erred in granting summary judgment when it found the plaintiff may only enforce contribution in the original federal court case or file a separate action for contribution within one year after the judgment is recovered."

When Fair Board attempted to foreclose upon Swagler's property, the trial court found not only that the judgments had been discharged by payment, but that Fair Board was not a judgment creditor of Swagler. It thus granted summary judgment on that basis.

However, under R.C. 2307.31(A), persons jointly liable in tort for the same injury may receive contribution

from each other. Here Fair Board and Swagler were found to be jointly liable for the same injury to Morris. Thus, Fair Board appears to be a tortfeasor that may seek contribution under the statute.

The right of contribution carries with it several qualifications. First, only the tortfeasor who has paid more than his proportionate share of the common liability is entitled to it. Fair Board paid the entire liability and thus could be said to have paid more than its proportionate share. Second, a tortfeasor cannot be compelled to contribute an amount beyond his own proportionate share of the entire liability. Here Fair Board paid the entire amount of the common liability. The relative degree of fault, however, remained unknown. Without a judicial determination as to what share was properly allocated to Swagler it cannot be said that Fair Board paid an amount beyond its proportionate share. Third, the statute specifically states:

"* * * There is no right of contribution in favor of any tortfeasor who has intentionally caused or intentionally contributed to the injury or wrongful death."

In addition to this state law bar to contribution in intentional injury cases, there is federal case law holding that contribution is unavailable in civil rights actions. *Anderson* v. *Local Union No. 3, Internatl. Bhd. of Electrical Workers* (S.D.N.Y 1984), 582 F. Supp. 627, affirmed (C.A. 2, 1984), 751 F. 2d 546. *Anderson* involved a civil rights violation under Title VII of the Civil Rights Act of 1964 (Section 2000e *et seq.*, Title 42, U.S. Code). The court held that contribution and indemnity, as those terms are defined in Ohio in the case of *Travelers Indemnity Co.* v. *Trowbridge* (1975), 41 Ohio St. 2d 11, 70 O.O. 2d 6, 321 N.E. 2d 787, were both unavailable to a defendant found

in violation of Title VII. Finding no specific provision in Title VII providing for contribution, the court in *Anderson* looked to the legislative history of the Act in order to determine if contribution was intended by Congress. It found no such intent. *Id.* at 630-631.

Fair Board and Swagler were found liable for intentional acts of discrimination in violation of Section 1983, Title 42, U.S. Code. There is no provision for contribution under Section 1983 and research has revealed no case dealing with the question of whether such a right should be implied. Without any established federal common law on the contribution question, this court refuses to imply one.

Here, Fair Board attempts to circumvent the contribution statute and federal case law by taking assignments of the certificates of liens. Fair Board could not compel Swagler to contribute for an intentional wrong by bringing a separate action in contribution or by seeking redress through federal litigation. R.C. 2307.31(A); *Anderson, supra.* Thus, Fair Board cannot do indirectly what it is unable to do directly.

This assignment of error is likewise overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., concurs in judgment only.

BAIRD, J., dissents.

BAIRD, J., dissenting. Defendant may well eventually prevail on the contribution issue, perhaps even on the basis that plaintiff was an intentional tortfeasor as mentioned in the principal opinion. At this juncture, however, it is not possible to tell from the record before us even what the nature of the judgment was that was

rendered against plaintiff and defendant, let alone whether plaintiff's relationship to that judgment was as an intentional tortfeasor. These matters would presumably come to light in the course of further proceedings, for which I believe this cause should be remanded. In the belief that assignments of error one and three should be sustained, I respectfully dissent.