891 P.2d 1203

**CHARLES P. YOUNG COMPANY,**
Plaintiff,

v.

**Jesus H. (Sito) ANAYA, Kenneth T.
Romero, and Toby Romero,
Defendants–Appellants,**

v.

**Leopaldo S. ROMERO, Estevan (Steve)
Saavedra, and Juan Sanchez,
Defendants–Appellees.**

No. 21392.

Supreme Court of New Mexico.

Feb. 22, 1995.

Marchiondo & Vigil, P.A., Michael E. Vigil, Albuquerque, for appellants.

Torres and Garde, Armando Torres, Los Lunas, for appellees.

*OPINION*

FRANCHINI, Justice.

In this case, members of an association had been found jointly and severally liable for an unpaid debt to a printing company. Several members of the association sued the law firm that had represented the association for legal malpractice and received a judgment compensating them for the money owed the printing company. The printer filed a writ of garnishment against the law firm for the malpractice judgment, and when the garnishment was satisfied assigned the judgment for the unpaid debt to the members of the association who had sued the law firm.

Those association members then filed a motion to take depositions of other association members to aid in the execution of the judgment. The trial court ruled that contribution must be sought in a separate action, denied the motion, and issued an order of satisfaction of judgment. The trial court's ruling is affirmed.

## I.

In an action on an open account, Charles P. Young Company (Young) sued eleven members of the Committee of Concerned Shareholders for a New Beginning, also known as El Nuevo Comienzo (Committee), for goods and services provided the Committee in connection with a proxy solicitation. The members of the Committee were shareholders in Westland Development Company (Westland), a New Mexico corporation organized to develop and sell land that had once been part of the Atrisco Land Grant. The Committee sought proxies from Westland shareholders in order to call a special shareholder's meeting to remove the existing directors and replace them with the Committee's nominees.

In order to comply with the Securities Exchange Act of 1934, the Committee was required to prepare, file, and mail a proxy statement to all shareholders. The chairman of the Committee, Kenneth Romero, hired Young to print the proxy statement and other materials pertinent to the solicitation, to mail the statement to the shareholders, and to file the statement with the Securities and Exchange Commission. Young estimated the cost at $4,210.00 based on the original specifications for the job. On Kenneth Romero's request, however, Young performed additional work, which caused the cost of the job to escalate to over $24,000.

Following a bench trial, judgment was entered against the defendants holding them jointly and severally liable to Young in the amount of $24,428.29. An appeal and a cross-appeal were taken, and on appeal this Court affirmed the judgment and ordered the trial court to award Young prejudgment interest. *Charles P. Young Co. v. Anaya,* No. 19,763 (N.M. May 1, 1992). A supplemental judgment was entered against two of the defendants—Abelino Herrera and Polecarpio Anaya—for prejudgment interest in the amount of $11,340.

The Committee had retained a law firm to represent the Committee in its efforts to have its members elected to the board of directors of Westland, which efforts were ultimately unsuccessful. Three members of the Committee—Kenneth Romero, Toby Romero, and Jesus Anaya (collectively, "Appellants")—sued for legal malpractice concerning this representation. On December 3, 1992, judgment was entered in favor of Appellants in the amount of $24,428.29, plus costs and interest.

The next week Young served a writ of garnishment on the law firm. On January 13, 1993, Young released the garnishment, and in exchange for $35,768.29 assigned the judgment against the Committee and the supplemental judgment against Abelino Herrera and Polecarpio Anaya to Toby Romero and Kenneth Romero (collectively, "Romeros"). The Romeros subsequently released themselves, Jesus Anaya, Abelino Herrera, and Polecarpio Anaya from operation of the judgment and supplemental judgment.

The Romeros then subpoenaed four of the remaining Committee members for depositions to be taken pursuant to SCRA 1986, 1–069 (Repl.Pamp.1992) (Rule 69).[1] Three of those Committee members—Estevan Saavedra, Leopaldo Romero, and Juan Sanchez (collectively, "Appellees")—filed motions to quash the subpoenas and compel the filing of a satisfaction of judgment. Following a hearing the court ruled: "The right to contribution only arose once Toby Romero and Kenneth Romero paid the judgment and supplemental judgment.... The right to contribution is a right that must, by its nature in light of the facts of this case, be prosecuted in a separate lawsuit." The court issued an order on April 29, 1993, granting the motion to quash the subpoenas in aid of execution of judgment, requiring that a satisfaction of judgment be entered, and releasing any judgment liens. Appellants appeal this order, and in addition to pursuing this appeal have filed a complaint for contribution in

---

1. Rule 69 provides in part:
   When a judgment for the payment of money has been entered by or docketed in any district court, the judgment creditor or his successor in interest may, in aid of the judgment or execution, examine any person, including the judgment debtor, touching the property of the judgment debtor and his ability to satisfy such judgment.

Bernalillo County District Court against five Committee members, including Appellees, among others. The action for contribution is pending as of the filing of this opinion.

## II.

■ Appellants contend that they are successors in interest to the judgment by virtue of the assignment, and that as successors in interest to a judgment creditor they are entitled to discovery under Rule 69 to aid in the enforcement of the judgment. The assignment of the judgment was ineffective, however, because the garnishment was sufficient to satisfy the judgment, and "once a judgment debtor has paid the amount of the judgment such payment discharges the lien and renders it unassignable." *Medina County Agric. Soc'y v. Swagler,* 34 Ohio App.3d 336, 518 N.E.2d 589, 591 (1987). "[S]uch payment discharges the judgment and leaves nothing due which the judgment plaintiff could assign to a cojudgment debtor defendant." *Cameron v. Gunter,* 406 So.2d 964, 965 (Ala.Civ. App.1981). As explained in a leading treatise on judgments,

> Where one of several defendants against whom there is a joint judgment pays to the other party the entire sum due, the judgment becomes thereby extinguished, whatever may be the intention of the parties to the transaction. It is not in their power, by any arrangement between them, to keep the judgment on foot for the benefit of the party making the payment. If, therefore, in such a case, a defendant take an assignment to himself, or, unless under special circumstances, even to a third person for his own benefit, the assignment is void and the judgment satisfied.

2 A.C. Freeman, *A Treatise on the Law of Judgments* § 1133, at 2358–59 (Edward W. Tuttle rev., 5th ed. 1925) (*quoting Harbeck v. Vanderbilt,* 20 N.Y. 395, 397–98 (1859)); *see also* 2 Henry C. Black, *A Treatise on the Law of Judgments* § 995, at 1468 (2d ed. 1902) ("[P]ayment of a judgment by one of two joint defendants operates as a satisfaction and extinguishment of the judgment, and the defendant paying cannot take an assignment of it, or be subrogated to the rights of the creditor as against his co-defendant, or keep the judgment alive in any manner or for any purpose."). The assignment of the judgment by Young to the Appellants was ineffective because the judgment had been satisfied. The trial court therefore ruled correctly in requiring that a satisfaction of judgment be entered, in granting the motion to quash the Rule 69 subpoenas in aid of execution of judgment, and in releasing all judgment liens against the co-debtors.

■ Appellants also contend that they have a right to contribution and that they should be allowed to enforce that right using Rule 69. While Appellants can not step into Young's shoes and wield the judgment in favor of Young against Appellees, they can use the procedures set forth in Rule 69 to enforce their right to contribution, if, in fact, that right has been reduced to judgment. *See Ja–Be Distribs., Inc. v. Williford,* 152 Ga.App. 485, 263 S.E.2d 262, 263 (1979) (holding that claim for contribution could not be enforced until reduced to judgment). The question whether Appellants have a right to contribution has not been determined by the court, however, and thus steps to enforce contribution cannot be taken until the right is adjudicated, quantified, and incorporated into an enforceable judgment.

■ Appellants further argue that the court erred in ruling that contribution could not be sought in the same action in which the Committee was found liable to Young. It is true that defendants may raise actions for contribution in a number of different procedural settings. For example, a "[d]efendant may seek contribution by bringing a separate and independent action, or by bringing a cross claim, counterclaim, or other third party action, in the same proceeding involving the underlying damage claim." 18 C.J.S. *Contribution* § 25 (1990) (footnotes omitted). We note that the court ruled that contribution must be sought in a separate action, *"in light of the facts of this case."* Appellants did not make a cross claim for contribution against the other Committee members during the trial; therefore they were required to bring a separate action in order to assert their claim for contribution. Appellants have in fact brought a complaint for contribution

**452**

against Appellees and other Committee members, and the respective rights of the parties should be determined therein. The judgment of the trial court is affirmed.

IT IS SO ORDERED.

RANSOM and FROST, JJ., concur.