[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION[1]
This action arises from a Florida judgment, which the plaintiff seeks to enforce through the Uniform Enforcement of Foreign Judgments Act (UEFJA). § 52-604, C.G.S., et seq. Through the UEFJA, the final judgment in a properly registered foreign action from one state is given "Full Faith and Credit", as required by Article IV § 1 of the Constitution, in another state.
In June 1992 the Polk County Circuit Court in Florida entered a judgment in the amount of $339,440.65, plus interest, in favor of the First Union National Bank of Florida (First Union) against ten separate defendants, including Bruce R. Rosow, the defendant herein, who were found to be jointly and severally liable.[2]
In August 1992, four of the co-debtors ("the plaintiff's principals") paid First Union $129,991.20 in satisfaction of the debt and were released from further liability.
On the same day, August 18, 1992, these same co-debtors formed a Memorandum of Trust naming Martin P. Heise, the plaintiff, as their trustee. Mr. Heise paid First Union an additional $194,986.84; the judgment was assigned to him, and he holds it on behalf of his prinicipals. The plaintiff properly certified the Florida judgment, seeking $217,373.05[3] from the defendant.
The defendant has moved to set aside the foreign judgment and advances two arguments. He claims that the Florida judgment has been extinguished by either (1) its assignment for the benefit of co-judgment debtors, the plaintiff's principals, or (2) its full payment by the same co-judgment debtors.
In Connecticut it is well-settled law that judgments are assignable. Ciulewicz v. Doyle, 172 Conn. 177, 374 A.2d 175
(1976) (common-law bar that personal injury claims cannot be assigned does not apply to judgments); Bouchard v. People's Bank,219 Conn. 465, 594 A.2d 1 (1991) (an individual acquires rights when "[o]ne . . follows another in ownership or control of property." Id.. 472; Rogers v. Hendrick, 85 Conn. 260, 82 A. 586
(1912) (an attorney may purchase a judgment and bring suit in his own name). However, whether the assignment of a judgment to a co-judgment debtor extinguishes the debt remains an unsettled issue in Connecticut.
The recent Superior Court decision of Sherman v. Condon, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 326085 (July 9, 1997), recognized the "general rule" that "a judgment is satisfied by its assignment to the judgment debtor". 50 C.J.S. § 670. Because there was no case law in Connecticut that applied this rule, however, the court refused to recognize it in Sherman as the standard in Connecticut, stating that "[w]hile this may be the general rule, a review of Connecticut case law does not indicate that Connecticut courts have embraced the proposition put forth by [the defendant, Condon], and this court, therefore, elects not to embrace this proposition at this time." Id. at 8. CT Page 5419
In California, by statute, "a joint judgment debtor may purchase the judgment, taking an assignment of a judgment and then stepping into the shoes of the creditor." 46 Am.Jur.2d Judgments, § 490, p. 756.; see West's Ann Cal CCP § 883. In a foreign judgment action, where a co-judgment debtor purchased a debt in California from the creditor and sought to enforce the judgment in Oregon against the other co-judgment debtor, Oregon applied the California statute that supports this type of action.River City Bank v. DeBenedetti, 90 Or. App. 624, 752 P.2d 1305
(1988).
Notwithstanding this decision, other jurisdictions recognize the applicability of the general rule that bars recovery by a co-debtor who obtains an assignment against other co-debtors.
In Jackman v. Jones, 198 Or. 564, 258 P.2d 133 (1953), for example, a negligence action that barred the assignment of a judgment to a co-judgment debtor, the Oregon Supreme court applied this common law rule and denied recovery. The general rule supports the public policy contention that to allow a co-judgment debtor to step into the shoes of a creditor provides that co-debtor with an unfair advantage over other co-judgment debtors by essentially allowing a double recovery that benefits one co-judgment debtor to the detriment of the others. The assignment of a judgment to a co-debtor creates an opportunity for the co-debtor to profit from the transaction to the detriment of his co-judgment debtors.
In contrast to the Court of Appeals decision applying the California statute in River City, the Supreme Court of Oregon stated that "as a general rule, in the absence of a statute to the contrary, it is not competent for one of the joint defendants on paying the judgment to take an assignment of it to himself, or, unless under special circumstances, to a third person for his benefit, so as to wield it against his codefendant, and it is none the less extinguished by the payment, although such an assignment is made, unless, according to some authorities, the payment was not intended to have that effect."[4] Jackman v.Jones, supra, at 570, citing from 49 C.J.S. Judgments, § 555, p. 1026; see Phelps v. Scott, 325 Mo. 711, 30 S.W.2d 71 (1930) (payment of a debt by one debtor satisfies and extinguishes the judgment to all, "regardless of intent of the parties, and that. . . result cannot be avoided by having the creditor assign the debt or judgment to the paying debtor." 325 Mo. at 722.) CT Page 5420
The plaintiff in the instant case argues that the decision inJackman v. Jones. supra., is not on point because it deals with two tortfeasors in a negligence action whereas the instant action involves a commercial transaction. Even though the fact patterns differ, the claim that Jackman is off-point is not accurate. The rationale for prohibiting a co-judgment debtor from assuming a creditor's status is clear; the general rule is intended to protect other defendants from bearing the financial burden for the entire debt. To that end, whether the action involves a tort action or a commercial transaction, the general rule remains relevant for its intended purpose, to protect the rights of the co-judgment debtor.
In Cameron v. Gunter, 406 So.2d 964 (Ala.App. 1981), an action that involved two co-debtors who were jointly liable on an account, the court limited one co-debtor's assignment to a contribution remedy only, stating that, "if a judgment [against two co-judgment debtors] is paid by one who is a principal in that debt, and, as such, is bound to pay, he cannot, by obtaining an assignment of the judgment, keep it alive in order to coerce payment from his co-principal." Id. at 965, citing from Hogan v.Reynolds, 21 Ala. 56, 59 (1852). The full payment of a debt by one debtor "discharges the judgment and leaves nothing due which the judgment plaintiff could assign to a co-judgment debtor defendant." Id. at 965, citing from Bartlett Waring v. McRae,4 Ala. 688 (1843).
In the absence of contradictory statutory or decisional law I see no reason why the general rule prohibiting a co-judgment debtor from assuming a judgment against the other co-judgment debtors should not be the rule recognized in Connecticut.
The second argument advanced by the defendant is that the judgment has been satisfied through payment by the plaintiff's principals. Connecticut case law supports the defendant's claim. "[O]rdinarily the payment of a judgment against one of several persons who are jointly and severally liable for a single tort constitutes a complete satisfaction of the wrong and discharges the other from all further liability." Ayer v. Ashmead,31 Conn. 447, 452, 83 App.Div. 154 (1863); see Peck v. Jacquemin,196 Conn. 53, 71, 491 A.2d 1043, 1053 (1985) (joint tortfeasor action where court rules that a plaintiff "is entitled to full recovery only once for the harm suffered"); see also Skut v. Hartford Accidentand Indemnity Company, 142 Conn. 388, 114 A.2d 681 (1955). CT Page 5421
While this rule has been generally applied in Connecticut to tort actions, it can apply in commercial transactions as well. "Under the common law, payment of a judgment by one of two or more joint defendants usually operates as a satisfaction and extinguishment of the judgment as to all." 50 C.J.S. Judgments sec. 660, p. 201. Furthermore, "[t]he payment by the one co-debtor discharges the judgment and leaves nothing due which the judgment plaintiff could assign to the co-judgment debtor." 46 Am.Jur.2d Judgments sec. 490, p. 756. In Connecticut "it is . . . settled law that a release, discharge or satisfaction of one or more of several joint trespassers is a discharge of them all, in the same manner that a discharge of one of several joint debtors, or a payment and satisfaction of the joint debt by one, is a satisfaction as to all, since a party injured by a trespass committed by several can have but one satisfaction for his injury, no more than one who has a debt against several can be entitled to be more than once paid." Ayer v. Ashmead,31 Conn. 447, 452 (1863).
In the instant case allowing the plaintiff to recover anything other than the defendant's pro rata share "would be contrary to sound principles of law and public policy".Gionfriddo v. Gartenhaus Café, 15 Conn. App. 392, 400,546 A.2d 284, 289 (1988). The original Florida judgment of $339,440.65 was reduced to $22,386.20 by payments made by the four judgment debtors, the plaintiff's principals, on August 18, 1992.[5] In addition, on March 3, 1997 the plaintiffs collected $55,301.81 from another co-judgment debtor, Donald Griggs, for his pro rata share of the debt. This amount was more than sufficient to pay off the remaining debt ($22,386.20) and interest accrued on that amount (at 12%) from June 1992 to June 1999, which I calculate to be $18,804.41. The original debt of the plaintiff's principals and the defendant has been more than satisfied.
Consequently, in accordance with established common law principles which support the proposition that the judgment has been satisfied by payment, the plaintiff in this action is limited to an action for contribution against the defendant for his pro rata share of the debt.
Finally, the plaintiff argues that to set aside the judgment would be to violate the Full Faith and Credit clause of the Constitution. However, while the UEFJA acts as the vehicle for implementing the Full Faith and Credit clause, it explicitly CT Page 5422 provides that a foreign judgment "shall be treated in the same manner as a judgment of a court of this state" and "is subject to the same procedures, defenses and proceedings for reopening, vacating or staying as a judgment of a court of this state. . . ." § 52-605(b). In determining whether to enforce a foreign judgment a court must consider common law as well as statutory requirements. Although explicated in only a handful of cases, it seems clear that the common law rule is to prohibit judgment debtors from purchasing their debts and suing their co-judgment debtors. It is even clearer that satisfaction of a judgment by one debtor satisfies it as to all debtors. Applying these principles to this action leads to the conclusion that the Florida judgment may not be enforced in this action for its full amount.
Accordingly, the defendant's motion to set aside is granted.
BY THE COURT
Joseph M. Shortall, Judge
[2] The parties stipulated to the facts underlying the questions of law raised by the defendant's motion to set aside the judgment. Although the Florida judgment, itself, does not refer to joint and several liability of the defendants in that action, the parties herein have stipulated that "(s)aid Florida defendants were found to be `jointly and severally' liable". (Internal quotes original) See Stipulation of Facts, October 7, 1998, ¶ 1.
[3] The total amount of the judgment less the amount paid by the plaintiff's principals to obtain their release.
[4] The plaintiff in this case made no offer of proof as to the intent of the parties.
[5] The payments included $194,986.94 to "purchase" the judgment debt, which I have held is not permitted as to the defendant, their co-judgment debtor.