[Argued July 11, 1893; decided July 31, 1893.]

## FOSHIER v. NARVER.

[S. C. 34 Pac. Rep. 21.]

1. COLLATERAL ATTACK ON JURISDICTION OF FOREIGN COURT.—The jurisdiction of a foreign court may always be inquired into, and its judgment collaterally attacked on that ground.

2. SERVICE OF PROCESS— WRONG NAME—DEFAULT.— Process served on one by a wrong name is as effectually served as though his right name had been used, and jurisdiction is thereby acquired. A default judgment on such a service is good everywhere.

3. FOREIGN JUDGMENT— EVIDENCE.— In an action on a foreign judgment the only question to be tried is the validity of the proceedings of the foreign court—the question of liability on the original case is not involved.

Yamhill County: GEO. H. BURNETT, Judge.

Action by W. E. Foshier against John Narver on a foreign judgment. Plaintiff had a judgment, and defendant appeals. AFFIRMED.

*Ramsey & Fenton*, for Appellant.

*J. E. Magers* (*Jas. McCain* on the brief), for Respondent.

MR. CHIEF JUSTICE LORD delivered the opinion of the court:

This is an action upon a judgment of the district court obtained in the state of Iowa. The plaintiff alleges, in substance, that on the second day of September, 1891, in an action wherein William E. Foshier, the plaintiff herein, was plaintiff, and the defendant John Narver, was defendant, a judgment was rendered by said court in favor of this plaintiff and against the defendant for six hundred and seventy-five dollars damages, and for six dollars costs and disbursements, etc. The answer denies the material allegations of the complaint, and avers that during all the time for more than ten years last past, the defendant was, and now is, a resident of the state of Oregon; that he was not at any time or place or in any manner served with notice, summons, or process in said action prior to the rendering of such judgment. The reply denies the new matter contained in the answer. Upon issue being thus joined a trial was had resulting in a verdict for plaintiff, and a judgment being rendered thereon, the defendant appeals. The errors assigned are the giving of certain instructions by the court, and the refusal to give certain instructions requested by the defendant.

1. The judgment rendered in the Iowa court is founded on a note made and signed by W. F. Narver and P. J. Narver at Ottumwa, Iowa, on the twentieth of November, 1874, due two years after date, and payable to J. W. Kitch. The contention for the defendant is, (1) that the service of process upon him in that case was on the wrong party, and (2) that the jury had the right to consider the fact that the note sued on was signed by P. J. Narver, and not by him, in corroboration of his testi-

mon to that effect. The doctrine is now well settled that the constitutional provision that full faith and credit shall be given to the judicial proceedings of other states does not preclude inquiry into the jurisdiction of the court in which the judgment was rendered over the subject matter, or the parties affected by it, nor into the facts necessary to give such jurisdiction: *Thompson* v. *Whitman*, 18 Wall. 457; Freeman, Judg. §§ 562, 563; Black, Judg. § 901. A defendant has a right to show by proof that he had not in fact been served with process, and, as a consequence, that the court never acquired jurisdiction over his person: *Knowles* v. *Logansport Coke Co.* 19 Wall. 58.

2. As the defendant must bring his proof within this rule, it is essential in determining whether his contention is tenable, to understand the facts upon which it is founded. The transcript of the proceedings in the Iowa court shows that the defendant in that action was J. or John Narver, and the same name as the defendant in the present case. The notice or summons was addressed to J. Narver, defendant, and the return upon it is as follows: "This notice came into my hand the seventh of November, 1891, and I hereby certify that I personally served the same on the within named J. Narver, by reading the same to him, and offered to deliver him a copy, but he refused to take it, and waived a copy of the same, in Troy Township, Monroe County, Iowa, on the seventh day of November, 1891. (Signed) Daniel McCarty."—"I, Daniel McCarty, being first duly sworn, depose and say that the above and foregoing return of the within notice is correct; that I served the same as above set forth. (Signed) Daniel McCarty."—"Subscribed and sworn to before me this ninth day of November, 1891. Signed this ninth day of November, 1891. C. B. Foshier, Notary Public (Seal)."

The defendant admits that he was in that county and state at the time and place the return shows that he was personally served, and that a person came to him then and

there and asked him if his name was Narver, which he answered in the affirmative,— that this person read a notice to him directed to P. J. Narver, in an action in which W. E. Foshier was plaintiff and P. J. Narver was defendant, when he told him his name was not P. J. Narver but John Narver, at which such person wrote, or seemed to write, something upon a paper. Upon this state of facts the defendant contends that if the notice served upon him was directed to P. J. Narver in a case against P. J. Narver, the service was upon the wrong party, and that he had a legal right to disregard it, as the service of such person could give the court no jurisdiction of his person. This contention is based on the idea that the defendant's testimony contradicts the proof of service, because it shows that the name in the notice is not the name of the party served, and hence the service is on the wrong party, which he may disregard. But it by no means follows that the wrong party was served, or that there was no legal service because the summons was addressed in a name differing from the name of the defendant served, as P. J. Narver for John Narver. For all that, the service may be on the right party. The name is a means of identity, but the right party may be served by a wrong name; it is not the name that is sued but the person to whom it is applied. Whether the defendant served was the right or wrong party, depended, not upon his name, but whether he was the party liable. Service upon a party by a wrong name is a good service and gives the court jurisdiction. If the party served by a wrong name fails to appear and make a defense, or submits to a judgment by a wrong name, the judgment will bind him as effectually as though rendered in his right name.

In proceedings of this character the defendant may attack the jurisdiction, and show that he had not in fact been served, and that in consequence the court never acquired jurisdiction of his person. This is the object of

the defendant's testimony. He sought to defeat the jurisdiction of the court which pronounced the judgment on which he is sued, by proof that he had never been in fact served with process. This was the issue to be tried. The return shows that he was personally served and specifies the time and place, and he admits that he was so served but says that the notice served upon him was addressed to P. J. Narver and not J. Narver. Process served on a man by a wrong name is as really served on him as if it had been served upon him by his right name. In such case it seems to us that the court acquires jurisdiction over his person, and, unless he appears and puts in his defense, the court is authorized to proceed to judgment. Assuming, then, that the notice served upon the defendant ran to the name of P. J. Narver, it does not follow, as a legal or logical consequence, that a service of such notice on J. Narver was service on the wrong party. On the contrary, after the defendant was so served, if he failed to appear and show that the plaintiff was not entitled to relief against him, because he was the wrong party, and not liable, when he had an opportunity to be heard on that question, the judgment established the fact that he was the right party and the plaintiff's right to relief against him.

Mr. Van Fleet says: "If John Smith is sued, and service be made personally on the wrong John Smith, he must appear and defend himself. He cannot successfully fight the officer who seizes his property on execution, by showing that he is not the real defendant. The reason is a very plain one. He was afforded an opportunity to make that defence before judgment. The cases all agree on this point. But suppose the complaint and summons called for George Jones, and John Smith is served. How does that differ from the case just put. It is a judicial assertion that the true name of the person served is George Jones, and he is afforded an opportunity to appear and show that

his name is not Jones, and that the plaintiff is entitled to no relief against him. All the plaintiff can possibly do is to afford him this opportunity. Perhaps the plaintiff stands ready to show that his true name is George Jones, and that he does wrongfully withhold the relief demanded. A judgment in favor of the plaintiff necessarily establishes his right to the relief given against the person served": Van Fleet, Collat. Attack, § 367. It would seem therefore, that the Iowa court had jurisdiction of the defendant, and his contention is not tenable.

3. We come now to the error assigned upon which the reversal of the judgment is sought. The court below, considering that the testimony of the defendant tended to contradict the proof of service, submitted it to the jury. The record discloses that counsel for the defendant attempted to argue to the jury that they had a right to consider the fact that the note sued on and set out in the Iowa record was signed by P. J. Narver and not the defendant, as corroborative of the defendants' testimony contradicting the proof of service, but the court refused, upon objection, to allow counsel to so argue. The instruction asked and refused, and the instruction given, assigned as error, are intended to save and bring up this point. It will be sufficient to say that the court told the jury that they " could not consider the copy of the note sued on as affecting the question of serving notice." The only issue to be tried was whether the defendant was served with process. How the fact that the note was signed by P. J. Narver contradicted the proof of service it is difficult to comprehend. Such fact did not show that the return was false, or that the defendant was not served with the process.  Neither the note nor the names upon it could throw light upon the question of service, though they might on the liability which is not now involved. It follows that the judgment must be AFFIRMED.