Argued October 11, affirmed October 27, 1972

MORPHET, *Appellant, v.* MORPHET, *Respondent.*

502 P2d 255

*John C. Caldwell,* Oregon City, argued the cause for appellant.

*Patric J. Doherty,* Portland, argued the cause for respondent.

TONGUE, J.

This is an action to enforce a judgment entered by a Pennsylvania court in 1967 for $14,500 as the accrued amount due and unpaid under a 1950 judgment of another court of that state for support payments of $20 per week to plaintiff as the wife of defendant. Defendant filed a general denial and also pleaded as an affirmative defense the entry of a 1953 Nevada divorce decree as terminating the obligation to pay support money at that time. Plaintiff's reply alleged that at the time of the Nevada divorce decree defendant (the plaintiff in the Nevada case) was not a resident of that state and that the Nevada court had no jurisdiction.

At the trial of the case neither party appeared personally, but counsel for both parties nevertheless proceeded with the trial. The evidence in plaintiff's opening case was limited to the offer of exemplified copies of the 1950 and 1967 Pennsylvania judgments together with the praecipe for entry of the later judgment, which plaintiff contended to be sufficient to sustain his burden of proof.

Defendant's evidence was similarly limited to the offer of an exemplified copy of the Nevada divorce proceedings, including proof of personal service upon plaintiff (the defendant in that case) in Pennsylvania and findings of fact which included a finding that "for a period of more than six (6) weeks immediately preceding the commencement of this action, plaintiff [the defendant in this case] has been an actual bona fide resident of the County of Elko, State of Nevada, and has been for said period of time, actually, physically and corporeally present in said County and State and domiciled therein." Plaintiff made no objection to such evidence.

Plaintiff's rebuttal evidence was limited to the offer of unexemplified copies of 1955-1956 proceedings by plaintiff against defendant in Illinois to collect support payments, including the appearances filed in the court on behalf of defendant and a judgment for $1,860. This evidence was offered to show that the Illinois court disregarded the Nevada divorce decree. Defendant's objections to these documents on the ground that they were not exemplified copies were sustained. No other evidence was offered to support plaintiff's contention that defendant was not a resident of Nevada and that the Nevada court had no jurisdiction. Plaintiff also contended, however, that even "if the divorce decree is to be honored" there would still be support payments due for a period of "about three years," which would be "a substantial sum."

Both parties then submitted this case to the trial court for decision on April 1, 1969. After first taking the case under advisement, the court, on April 10, 1969, issued a letter opinion to the parties in which it was held that the 1953 Nevada divorce decree terminated defendant's obligation to pay support under the 1950 Pennsylvania judgment; that as of the date of the Nevada decree the unpaid and accrued support payments totaled $70, and that plaintiff was "entitled to a judgment" against defendant in that amount.

However, neither party prepared or tendered a form of judgment based upon that decision. Nearly two years later, on January 18, 1971, an order was entered dismissing this and over 150 other cases for want of prosecution.

On December 16, 1971, eleven months after the case had been dismissed and more than two and one-

half years after the case had been tried, a motion was filed by the personal representative of defendant's estate for an order reinstating the case and for entry of a judgment in favor of plaintiff and against defendant for $70, based upon the previous letter opinion. The motion also alleged that defendant had died on April 19, 1971; that plaintiff had filed a new and separate action against defendant's estate, again seeking to recover $14,500 in accrued support payments; that "this same cause of action has previously been litigated" in this case, and that the case should be reinstated and a judgment entered in accordance with the previous decision of the court.

After a hearing on that motion, the court entered an order that the case be reinstated. On the same date the court entered a judgment in favor of plaintiff for $70, based upon findings and conclusions that the 1953 Nevada divorce terminated the support payments due under the original 1950 Pennsylvania support judgment as of the date of their decree and that $70 was the amount then due and payable.

Plaintiff appeals from that judgment and contends: (1) that the trial court erred in reinstating the case without first requiring defendant to comply with ORS 18.160, and (2) that the trial court erred in failing to enter judgment for $14,500, as prayed for in plaintiff's complaint.[1]

---

[1] Plaintiff also contends that the trial court erred in allowing the personal representative of defendant's estate to appear without first being substituted as a party, as provided in ORS 13.080. It appears, however, that no such objection was made by plaintiff in the trial court. Furthermore, as stated in this opinion, the jurisdiction of the trial court to set aside its previous order in this case was not based upon ORS 18.160, which relates to the relief of a party against whom a judgment was taken through his mistake,

1. *The trial court had power and discretion to rein-
state the case and did not abuse its discretion in
doing so.*

██ Plaintiff contends that any power of the trial
court to set aside its previous order dismissing this
case for want of prosecution and to reinstate the case
was limited to such power as it might have under ORS
18.160, subject to a showing sufficient to satisfy the
requirements of that statute, and that no such showing
was made in this case.[2] However, in addition to the
power conferred upon the court by that statute, it is
well established that an Oregon circuit judge also has
inherent power to correct or set aside a previous judg-
ment, provided that it does so within a reasonable
time, and that what is a reasonable time for this pur-
pose is ordinarily a matter within the discretion of the
court. *Mitchell v. Or., Wn., Credit & Coll. Bur.,* 188
Or 389, 393, 215 P2d 917 (1950); *Miller v. Miller,* 228
Or 301, 304-305, 365 P2d 86 (1961). See also *Koennecke
v. Koennecke,* 239 Or 274, 276, 397 P2d 203 (1964).[3]

██ We consider an order dismissing a case for

---

inadvertence, surprise or excusable neglect. Instead, the jurisdic-
tion of the trial court in this case rested upon its inherent power
to set aside or correct a previous judgment, upon a showing of
good cause to do so.

[2] ORS 18.160 provides:

"Relief from judgment, decree, order or other proceeding.
The court may, in its discretion, and upon such terms as may
be just, at any time within one year after notice thereof,
relieve a party from a judgment, decree, order or other pro-
ceeding taken against him through his mistake, inadvertence,
surprise or excusable neglect."

[3] Plaintiff says that the former rule that a court could not
change or correct a former judgment after the term of court was
changed by ORS 18.160, so as to enable the setting aside or cor-
rection of a judgment at any time within one year. In fact, how-

want of prosecution to be a judgment for the purposes of the exercise of such power. We also hold that under the circumstances of the case, in which the motion to set aside that order was made within a period of eleven months, the trial court acted within a reasonable time and that in doing so it did not abuse its discretion.

■ Although the trial court thus had jurisdiction to set aside its previous order in this case, the question remains whether there were good and sufficient reasons for the exercise of the power to set aside that order, since the inherent power of a court to set aside or correct a prior judgment can only be exercised upon a showing of good cause, in the absence of which there would be an abuse of such a discretionary power.

■ Again, under the circumstances of this case, we hold that there was a sufficient showing of good and sufficient reasons to set aside the previous dismissal of this case for want of prosecution. The case had been tried at a trial at which both parties voluntarily proceeded to offer evidence and to submit the case to the trial court for decision on conclusion of the trial. The legal questions relating to the effect to be given to the Pennsylvania judgments and the Nevada divorce decree had been raised, argued, and decided based upon demurrers to the complaint and amended complaint and a motion to strike allegations of plaintiff's

---

ever, that change was made in 1959 by ORS 1.055 so as to provide as follows:

"Term of court. (1) A term of court is a period of time appointed for the convenient transaction of the business of the court. The existence or nonexistence of a term of court has no effect on the duties and powers of the court.

"(2) Notwithstanding that an act is authorized or required to be done before, during or after the expiration of a term of court, it may be done within a reasonable period of time."

reply, as well as on the citation of authorities submitted by the parties at the time of trial. In that process, considerable judicial time and effort was expended in the consideration and decision of those questions.

From the standpoint of efficient judicial administration, considering the ever-increasing volume of litigation and the importance of keeping court dockets as current as reasonably possible, so as to minimize the danger that "justice delayed" may be "justice denied," there was good cause, under these circumstances, for the trial court to reinstate the case and to enter the judgment that should have been entered at the conclusion of the previous trial.

From the standpoint of the defendant there was also good cause shown for these same reasons, because to require his estate to incur the time and expense of relitigating these issues would both reduce the amount of the estate for distribution to decedent's heirs or beneficiaries and delay such a distribution. It may be contended that since defendant could have originally tendered a judgment for entry following the previous opinion of the court, he should not be permitted to move that the subsequent order of dismissal be set aside without showing why he had not previously tendered such a judgment. We hold, however, that while this may be a proper factor for consideration by the trial court in the exercise of its discretion, there was a sufficient showing of good cause in this case, based upon the facts previously stated, to sustain this exercise of discretion by the trial court in this case.

Even from the standpoint of the plaintiff we do not believe that there are legitimate reasons to com-

plain. Plaintiff proceeded to trial in this case without requesting postponement for the purpose of securing additional evidence and joined in submitting the case to the trial court for decision based upon the record as made by the parties at that time. If that decision by the trial court was in error for any reason plaintiff can correct any such error on this appeal. In our opinion, however, plaintiff has shown no good reason why she should be permitted a "second bite of the apple" by the filing of a new action, with the opportunity to offer different or additional evidence.

■ Although in some cases the plaintiff may have an absolute right to take a voluntary nonsuit without prejudice under ORS 18.230, he does not have an absolute right to demand the entry of an order of dismissal without prejudice for want of prosecution, particularly after a case has been tried and submitted for decision. Neither does the plaintiff in such a case have the right to insist that such an order not be set aside, so as to prevent the entry of judgment based upon the previous decision of the court and permit plaintiff to relitigate the same issues in a new lawsuit.

2. *The trial court did not err in failing to enter judgment for $14,500, as prayed for in plaintiff's complaint.*

The original complaint in this case, as served personally upon defendant in Oregon on August 9, 1967, was based upon the 1950 judgment of the Court of Quarter Sessions of Erie County, Pennsylvania, providing for support payments of $20 per week. After a demurrer to that complaint was sustained plaintiff's Pennsylvania attorneys, under a statutory procedure of that state, filed a "praecipe for entry of

judgment and liquidation of debt" in the Court of Common Pleas of Erie County, and secured the entry of such a judgment, dated November 15, 1967, for the unpaid and accrued support payments under the 1950 judgment, in the sum of $14,500. Plaintiff then, on December 22, 1967, filed an amended complaint in Oregon based upon that judgment. An exemplified copy of that praecipe and judgment was offered on trial of this case.

There was no evidence that defendant was served or otherwise notified of possible application for the entry of that judgment. On the contrary, the docket entry of judgment states that defendant's address was "not given." Apparently, however, no such service or notice was required under the Pennsylvania statute. Pa Stat Ann tit 12 § 1001 (1953).

Neither was there any evidence that the existence or validity of the Nevada divorce decree was considered, much less decided, by the Pennsylvania court in the entry of that judgment. Indeed, the contrary would appear to be the fact, because that judgment appears to have been based solely upon the praecipe of counsel in which no such reference is made. Moreover, there was no "judgment," in the sense of a document signed by a judge or a docket entry made as a judicial act under the direction of a judge. On the contrary, the docket entry of judgment was based solely upon the praecipe of counsel, in accordance with the Pennsylvania statute, under which a copy of a judgment by a Court of Quarter Sessions for money may be "entered and indexed" as a judgment of the Court of Common Pleas of the same county. Pa Stat Ann tit 12 § 1001 (1953).

As previously stated, defendant offered on trial

an exemplified copy of the Nevada divorce decree dated December 30, 1953, including a finding of fact relating to the residence of the defendant (the plaintiff in that case). No evidence was offered to contradict those findings. As also previously stated, there was proof of personal service in Pennsylvania upon plaintiff (the defendant in that case).

■ In determining the requirements of full faith and credit as between conflicting judgments of two other states, the general rule is that judgment entered last in time prevails. *Sutton v. Leib,* 342 US 402, 72 S Ct 398, 96 L ed 448 (1952); *Morris v. Jones,* 329 US 545, 67 S Ct 451, 91 L ed 488 (1947); Ginsburg, Judgments in Search of Full Faith and Credit: The Last-in-Time Rule for Conflicting Judgments, 82 Harv L Rev 798, 799-800 (1969).

■ However, as stated in *Morris v. Jones, supra,* at 547, full faith and credit means that a state must accord the judgment of a court of another state the same credit that it is entitled to in the courts of that state. Thus, such a judgment has no constitutional claim to more conclusive or final effect than it has in the state where rendered and if the court in that state had no jurisdiction over the person or subject matter that infirmity is not cured by the full faith and credit clause. *People of State of New York v. Halvey,* 330 US 610, 614, 67 S Ct 903, 91 L ed 1133 (1947). See also Restatement 315, Conflicts 2d § 104, and Ginsburg, *supra,* at 811. In addition, judgments procured by fraud are not entitled to full faith and credit. *Rodda v. Rodda,* 185 Or 140, 160, 200 P2d 616, 202 P2d 638 (1949), *cert denied* 337 US 946, 69 S Ct 1504, 93 L ed 1749 (1949).

Defendant contends in this case both that the

1967 Pennsylvania judgment was obtained by fraud and that after the entry of the Nevada divorce decree the Pennsylvania court had no jurisdiction to enter such a judgment.

Upon examination of the record we find that defendant failed to offer evidence sufficient to prove that the 1967 Pennsylvania judgment was procured by fraud within the requirements established by this court, as stated in *Rodda, supra,* at 161.

Conversely, and for the same reasons, we hold that there was no evidence that defendant was not a resident of Nevada at the time of the 1953 Nevada divorce decree. As also held in *Rodda, supra,* at 147, the fact that defendant may have gone to Nevada for the purpose of procuring a divorce is immaterial.

The question remains, however, whether the 1953 Nevada divorce decree terminated defendant's obligation to pay support money and whether, as a result, the Pennsylvania court had jurisdiction to enter a subsequent judgment in the sum of $14,500.

In *Estin v. Estin,* 334 US 541, 68 S Ct 1213, 92 L ed 1561 (1948), it was held that whether a divorce decree of one state terminates the decree of another state for separate maintenance is a question to be decided under the law of that state. Accordingly, we held in *Rodda, supra,* that the entry of a Nevada divorce decree terminated a previous Oregon decree for separate maintenance. In the course of that opinion we also noted (at pp 148-49) that Pennsylvania law is to the same effect in recognizing the validity and effect of a Nevada divorce. See also *Harrison v. Harrison,* 183 Pa Super 562, 133 A2d 870, 875 (1957).

Indeed, Pennsylvania courts have held that once a divorce decree is entered, a court of that state is

without jurisdiction to order further support payments from the former husband. *Heilbron v. Heilbron,* 158 Pa 297, 27 A 967, 968 (1893), and *Commonwealth v. DiDonato,* 156 Pa Super 385, 40 A2d 892, 894 (1945). This is consistent with our holding in *Rodda, supra,* in which we agreed (at p 156) with the proposition that "* * * the power to award support grows out of the marital relation." It follows that the 1967 Pennsylvania judgment for $14,500 had no validity, insofar as that judgment included accrued support payments after the date of the 1953 Nevada divorce.

See also *Griffin v. Griffin,* 327 US 220, 66 S Ct 556, 90 L Ed 635 (1946) ; *People of State of New York v. Halvey, supra; Baker v. Baker, Eccles & Company,* 242 US 394, 401, 61 L ed 386, 37 S Ct 152 (1917) ; and *Wetmore v. Karrick,* 205 US 141, 148-9, 51 L ed 745, 27 S Ct 434 (1907). Cf. *Adam v. Saenger,* 303 US 59, 58 S Ct 454, 82 L ed 649 (1938), and *Laughlin v. Hughes et al,* 161 Or 295, 306-8, 89 P2d 568 (1939).

For these reasons, the trial court did not err in refusing to enter judgment in favor of plaintiff and against defendant's estate for $14,500 based upon the 1967 Pennsylvania judgment and in holding that plaintiff's right to recover accrued support payments was terminated by the 1953 Nevada divorce decree.

Affirmed.