Argued January 8, affirmed April 25, 1974

STONE, *Respondent, v.* STONE, *Appellant.*

521 P2d 534

*Robert P. VanNatta* of VanNatta & Petersen, St. Helens, argued the cause and filed a brief for appellant.

*Allen J. Bell* of Parker, Abraham & Bell, Hood River, argued the cause and filed a brief for respondent.

O'CONNELL, C. J.

Defendant Fred P. Stone appeals from an order of the circuit court registering a Washington divorce decree pursuant to ORS Chapter 24, Oregon's Enforcement of Foreign Judgments and Decrees Act, and ordering the payment of certain arrearages and future support payments.

The parties were divorced in the state of Washington on August 10, 1967. At that time they had four children. The divorce decree provided that each parent

was to have custody of two of the children and that defendant was to pay plaintiff $50 per month child support. Defendant remarried and moved to Oregon.

In June, 1970, the state of Washington, acting on plaintiff's behalf in accordance with ORS Chapter 110, Oregon's Reciprocal Enforcement of Support Act, obtained an order from the Columbia County circuit court to secure the future payment of $50 per month per child. Plaintiff subsequently obtained custody of the couple's other two children and on October 10, 1970, the Washington divorce court amended the original divorce decree to require defendant to pay $200 per month to plaintiff for child support.

Subsequently in June, 1971, the defendant apparently having failed to provide support payments, the Washington State Welfare Department again filed a petition under ORS Chapter 110 in Columbia County and obtained an order for payments totaling $120 per month child support. In December, 1971, plaintiff instituted an action under ORS Chapter 24, but the action was dismissed without prejudice when plaintiff failed to produce a copy of the Washington divorce decree as required under ORS 24.030. Plaintiff refiled in March, 1972, instituting the proceeding out of which this appeal arises. As noted above, the trial court, sitting without a jury registered the foreign judgment and ordered the payment of support money which was past due and also support money to become due in the future.

Defendant first assigns as error the failure of the trial court to allow a jury trial on the question of whether defendant had made payment of the amounts called for by the Washington divorce decree. This contention is without merit.

■ The function of a proceeding under ORS Chapter 24 is simply to convert a valid judgment of a sister state into an Oregon judgment enforceable in the Oregon courts. The only relevant inquiry in such a proceeding is the validity of the foreign judgment.[1] The issue of payment is irrelevant at this stage of the proceeding and therefore cannot be the ground for claiming a right to trial by jury.

■■ Once the judgment is registered, it becomes a judgment of the Oregon court and must be treated as an Oregon judgment. The court sits as a court of equity with respect to marriage dissolution proceedings in Oregon.[2] In a proceeding to enforce a payment of support money under an Oregon divorce decree, a defendant who sets up the defense of payment of the amount due on the judgment has never been afforded a jury trial to try that issue.[3] There is no reason for applying a different rule when, as here, the defendant raises the issue of payment in the enforcement of a foreign as distinguished from a domestic divorce decree.

■■ Defendant next assigns as error the action of the trial court in dismissing without prejudice the registration proceedings by its order of March 16, 1972. Defendant, relying upon ORS 24.020, argues that the registration of a foreign decree was completed upon petitioner's filing an application for registration.[4] He then relies upon ORS 24.100, which provides as follows:

"An order setting aside a registration consti-

---

[1] ORS 24.080. *See* Foshier v. Narver, 24 Or 441, 34 P 21 (1893).

[2] ORS 107.405.

[3] ORS 23.020.

[4] ORS 24.020 provides as follows: "On application made within the time allowed for bringing an action on a foreign judgment in

tutes a final judgment in favor of the judgment debtor."

It is argued that the March 16 order dismissing the proceedings was "an order setting aside a registration" and, being final under ORS 24.100, barred the subsequent proceeding under the doctrine of res judicata.

We construe ORS 24.100 as meaning that an order setting aside a registration constitutes a final judgment only if the issues relevant to the validity of the judgment or its registration were finally disposed of in the registration proceeding by adjudication or default. It is apparent that there was no such final disposition in the present case.

■ Defendant next asserts that the trial court erred in finding that arrearages due for the period preceding June 30, 1971 exceeded $800.00. Defendant asserts that because plaintiff alleged this amount to be due as of that date in a prior enforcement proceeding, she is bound by that "judicial admission." Defendant's claim is not well taken. Though such a statement is admissible as an admission against interest,[5] the trier of fact is not compelled to credit it instead of other evidence to the contrary.[6]

We have examined defendant's other assignments of error and find them also without merit.

Decree affirmed.

---

this state, any person entitled to bring such action may have a foreign judgment registered in any court of this state having jurisdiction of such an action."

[5] Moudy v. Boylan, 219 Or 448, 347 P2d 983 (1959).

[6] See Wilbur-Ellis Company v. M/V Captayannis "S", 451 F2d 973 (9th Cir 1971), cert. den. 405 US 923, 92 S Ct 962, 30 L ed2d 794.