Argued January 19, affirmed April 2, 1979

In the Matter of a Foreign Judgment
Rendered in the case of
MARIE CALLENDER PIE
SHOPS, INC., a
California corporation, *Respondent,*
*v.*
BUMBLEBERRY ENTERPRISES, INC., et al,
*Defendants,*
BULLOCK, et al, *Appellants.*
(No. A7703 04446, CA 10330)

592 P2d 1050

Rex E. H. Armstrong, Portland, argued the cause for appellants. On the briefs were James H. Bean, and Lindsay, Nahstoll, Hart, Neil & Weigler, Portland.

I. Franklin Hunsaker, Portland, argued the cause for respondent. With him on the brief was Bullivant, Wright, Leedy, Johnson, Pendergrass & Hoffman, Portland.

Before Schwab, Chief Judge, Tanzer, Richardson and Roberts, Judges, and Bryson, Judge Pro Tempore.

RICHARDSON, J.

**RICHARDSON, J.**

This is a proceeding to register a foreign judgment pursuant to the provisions of the Uniform Enforcement of Foreign Judgments Act, ORS 24.010-24.180. In a judgment based on a stipulation, a California court awarded plaintiff a money judgment against defendants. In addition, the judgment permanently enjoined defendants from engaging in certain conduct, primarily the preparation of pies using plaintiff's recipes and formulas. The California court placed the recipes and formulas in an envelope marked Exhibit A and sealed the exhibit with orders that it not be opened except upon a subsequent order of the court.

Pursuant to ORS 24.030, plaintiff filed a verified petition for registration of the judgment in Oregon. Included with the petition was an envelope certified to contain copies of the material included in Exhibit A from the California proceeding. The petition did not include an order of the California court releasing the exhibit. An order registering the judgment and a separate order sealing the envelope containing the exhibit were signed ex parte by the circuit court. Thereafter, plaintiff served defendants as judgment debtors. ORS 24.040 and 24.070. Defendants filed an answer praying that the registration be set aside on the ground the judgment was fully satisfied.

At the time of trial, plaintiff filed an amended petition which contained a satisfaction of the money portion of the California judgment. Defendants objected to the filing of the amended petition. They also contended the petition was defective because it failed to include an order of the California court releasing Exhibit A. The trial court accepted the amended petition and refused to set aside the registration.

In their first assignment defendants contend the court erred in accepting a petition to register the California decree which did not contain an order of the California court releasing Exhibit A. They cite ORS 24.030:

[489]

"A verified petition for registration shall set forth a copy of the judgment to be registered, the date of its entry and the record of any subsequent entries affecting it (such as levies of execution, payments in partial satisfaction and the like) * * *."

Defendants argue, because the decree required that the materials in Exhibit A be sealed, a release of the Exhibit without an enabling order was a violation of the judgment and a modification of the decree, contrary to the stipulation of the parties. Consequently, they argue, an order releasing the exhibit is a subsequent entry affecting the judgment and must be presented with the petition.

This argument must fail for two reasons. First, the decree of the California court imposing the injunction is not affected by the status of Exhibit A. It remains in effect whether that exhibit is released or remains sealed in California. Consequently, an order releasing the exhibit would not be a "subsequent entry affecting it" in the same vein as the examples set out in the statute (ORS 24.030).

Second, the material contained in Exhibit A would become relevant only in the event of a proceeding based on an allegation that defendants had violated the injunction. It is not relevant in a proceeding to register the California decree. Whether plaintiff may have violated the terms of the decree or the stipulation is a matter that must be taken up in a different proceeding. In a proceeding under the Uniform Enforcement of Foreign Judgments Act, defendants are limited to challenging the validity of the judgment, whether it is entitled to full faith and credit, and urging defenses under ORS 24.080.

In the second assignment, defendants contend the court erred in refusing to set aside the registration. They make essentially three arguments in support of this claim of error and we discuss them in the order presented.

[490]

■ They first argue a decree imposing a permanent injunction is not the type of foreign judgment that is entitled to full faith and credit in Oregon. In answering this contention we begin with ORS 24.010(1):

" 'Foreign judgment' means any judgment, decree or order of a court of the United States or of any state or territory which is entitled to full faith and credit in this state."

On its face the provision does not restrict registration to money judgments. *Cf.* ORS 24.200-24.255, Uniform Foreign Money-Judgments Recognition Act. The drafters of the 1948 Uniform Act, which was adopted in Oregon, disavowed any distinction between money judgments and decrees:

"No distinction is made between judgments and decrees requiring the payment of money, ordering or restraining the doing of acts, or declaring rights or duties of any other character, whether entered in law or equity, in probate, guardianship, receivership or any other type of proceedings. * * *" Uniform Enforcement of Foreign Judgments Act, Commissioners' Comments § 1, (1948), 13 ULA 182-83 (1975).

A decree is entitled to be registered if it is entitled to full faith and credit. Full faith and credit means sister states must accord the final judgments and decrees of the rendering state the same recognition they would be given in the state where made. *Morphet v. Morphet*, 263 Or 311, 502 P2d 255 (1972); *State ex rel. v. Kiessenbeck*, 167 Or 25, 114 P2d 147 (1941); *Levine v. Levine*, 95 Or 94, 187 P2d 609 (1920). In this case the California court rendered a final decree setting forth the duty of the defendant and the rights of the plaintiff. How this duty is to be enforced is a matter to be determined under Oregon law if the issue arises. There is no practical reason in this instance for treating final decrees and final judgments differently under the full faith and credit analysis.

We conclude the California decree imposing a permanent injunction is entitled to be registered in

[491]

this state. *See La Verne v. Jackman,* and *Rich v. Con-Stan Industries, supra.*

■   Defendants next argue that, absent an allegation of noncompliance with the injunction, the plaintiff cannot properly invoke the judicial power of the state. This argument is based on *Oregon Medical Association v. Rawls,* 281 Or 293, 574 P2d 1103 (1978), wherein the court held that, absent a justiciable controversy between the parties, the judicial power of the court was not properly invoked under the Oregon Constitution, Art VII (amend), § 1. This argument is based on a misconception of the Uniform Act. The purpose of that Act is to register a foreign judgment in order that it may ultimately be enforced according to the laws of the registering state. When an initial valid petition is filed, registration of the judgment is a ministerial act, without intervention by the court. *See Andrysek v. Andrysek,* 280 Or 61, n 1, 569 P2d 615 (1977). After jurisdiction of the judgment defendant is obtained, if the defendant appears, then the judicial power is invoked to resolve the controversy as to whether the registration should be set aside. The court must resolve, as a matter of law and fact, whether the judgment is entitled to full faith and credit, whether it is valid, *see Stone v. Stone,* 268 Or 446, 521 P2d 534 (1974), and whether defendant has established any defenses going to the validity of the judgment. *See Gem Mfg. Corp. v. Lents Industries,* 276 Or 87, 554 P2d 166 (1976). Whether defendants are in violation of the decree sought to be registered is irrelevant to this proceeding. *Stone v. Stone, supra.*

Defendants' final argument is that, absent an allegation of noncompliance, the foreign judgment is wholly satisfied. In the nature of this injunction there will be a potential for noncompliance as long as defendants are engaged in the pie-making business. It is satisfied by continual compliance, but cannot be fully satisfied while it is still in existence. When a decree is registered it becomes a decree under the laws of Oregon and is then subject to enforcement under the

[492]

laws of Oregon. It is unnecessary to allege the defendants are not complying with the decree in order to have it registered. Such an allegation would only be necessary to enforce the decree once registered.

Affirmed.