Argued and submitted February 29, affirmed April 20, 1988

RIVER CITY BANK,
*Plaintiff,*

*v.*

DeBENEDETTI et al,
*Defendants,*

LANE MEAT COMPANY,
*Appellant,*

*and*

DEL MONTE CAPITOL MEAT COMPANY,
*Respondent.*

(16-87-03512; CA A44859)

752 P2d 1305

John H. Horn, Eugene, argued the cause and filed the brief for appellant.

F. William Honsowetz, Jr., Eugene, argued the cause for respondent. With him on the brief was Lombard, Gardner, Honsowetz, Brewer & Schons, Eugene.

Before Warden, Presiding Judge, and Van Hoomissen and Graber, Judges.

GRABER, J.

## GRABER, J.

Lane Meat Company (Lane) sought to restrain execution in Oregon of a California judgment by Del Monte Capitol Meat Company (Del Monte). The trial court denied Lane's motion for a stay, and Lane appeals. We affirm.

In February, 1984, Lane borrowed $300,000 from River City Bank (River City). Del Monte guaranteed the loan. At the time of the loan, David DeBenedetti (David) was the president and Victoria DeBenedetti (Victoria) was the secretary/treasurer of both Lane and Del Monte. Frank DeBenedetti (Frank) also had an interest in Lane and Del Monte.[1] In 1985, David, Victoria, and Frank separated their interests in these business ventures. David and Victoria acquired all of Del Monte's stock, and Frank took sole ownership of Lane's stock.

Lane later defaulted on the loan. On January 25, 1987, River City obtained a judgment in California against David, Victoria, Frank, Lane, and Del Monte. The judgment awarded River City $27,105.24, plus interest, attorney fees, and costs. On April 9, 1987, River City assigned the judgment to Del Monte for value. Del Monte then registered the judgment in Oregon and sought to enforce it against Lane. Lane had brought a separate action (but not on the judgment) in California to determine the rights and liabilities of the parties with regard to the loan.[2]

Lane moved to stay execution of the foreign judgment, making two arguments. The first, in essence, challenged the propriety of registering the foreign judgment for failure to meet the standards of ORS 24.220. The second urged that, even if the California judgment properly could become an Oregon judgment, execution should be stayed pursuant to ORCP 72A. That is, Lane contended that it would be either

---

[1] The record is unclear about the precise nature of the parties' business relationships.

[2] In its California complaint, Lane alleges that the loan was an *ultra vires* act by David and Victoria and that they should be held personally liable for it. Frank also argues in the California case that David and Victoria fraudulently induced him to purchase Lane. When the Oregon trial court heard the motion at issue, the California action had been dismissed for failure to state a claim. At oral argument, Lane's attorney represented that an amended complaint had been filed and was pending in the California court.

unlawful (under California law) or inequitable for the Oregon court to enforce the judgment now. Neither argument persuades us.

■ Oregon gives duly registered foreign judgments Full Faith and Credit. US Const, Art IV, § 1; ORS 24.220. It accords a final judgment of a court in another state generally the same recognition the judgment would receive in the rendering state. *Callender v. Bumbleberry,* 39 Or App 487, 491, 592 P2d 1050 (1979), *citing Morphet v. Morphet,* 263 Or 311, 322, 502 P2d 255 (1972). We must, therefore, determine under California law whether the judgment is "final and conclusive and enforceable." ORS 24.220(2). If so, it is enforceable here. ORS 24.220(1).

Lane argues that Del Monte is a "co-judgment debtor"[3] so that, when it purchased the debt, the debt was extinguished. Under this theory, there would be no judgment to enforce in Oregon. Lane asserts that Del Monte must litigate its entitlement to contribution from Lane; in the meantime, Del Monte cannot "step into the shoes" of River City.

Del Monte contends that it guaranteed Lane's loan and, therefore, has rights against Lane for the payment of the loan. As "guarantor," Del Monte reasons, it can take an assignment of the judgment from River City and enforce it against Lane in California.

■ Even if Lane and Del Monte are joint judgment debtors, in California a joint judgment debtor can take an assignment of the judgment and then step into the shoes of the creditor. West's Ann Cal CCP § 883.[4] The California Law

---

[3] The term "co-judgment debtor" does not appear in the pertinent California statutes or cases, which instead use the phrase "joint judgment debtor." In the remainder of the opinion we will use "joint judgment debtor."

[4] Section 883 provides:

"(a) A judgment debtor entitled to compel contribution or repayment pursuant to this chapter may apply on noticed motion to the court that entered the judgment for an order determining liability for contribution or repayment. The application shall be made at any time before the judgment is satisfied in full or within 10 days thereafter.

"(b) The order determining liability for contribution or repayment entitles the judgment debtor to the benefit of the judgment to enforce the liability, including every remedy that the judgment creditor has against the persons liable, to the extent of the liability.

"(c) Nothing in this section limits any other remedy that a judgment debtor entitled to contribution or repayment may have."

Revision Commission provided this comment to section 883:

> "Section (c) makes clear that section 883 does not prescribe the exclusive procedure for enforcement of the right to contribution. A joint judgment debtor may take an assignment of the judgment or may bring an action to obtain a judgment for contribution."

Section 882(b) expressly provides that, when a judgment is based on a guarantee and the guarantor satisfies the judgment, "the surety may compel repayment from the principal." West's Ann Cal CCP § 882(b). Thus, Del Monte's purchase of the judgment does not extinguish the obligation, and the judgment, as assigned, remains enforceable in California.

The judgment also is final and conclusive. The record discloses no direct appeal from the California judgment. *See* ORS 24.230.

■ ■ Once we determine that the judgment is "final and conclusive and enforceable" under California law, then the judgment is recognized in Oregon as "conclusive between the parties to the extent that it grants or denies recovery of a sum of money." ORS 24.220(1). Lane argues that the trial court should have stayed enforcement, even if the California judgment was valid, because its separate action against Del Monte and the DeBenedettis is meritorious. Under ORS 24.220, however, our inquiry cannot extend to the merits of the California case.

Finally, Lane urges that it will suffer irreparable harm if the judgment is executed before the relative rights of Lane and Del Monte are determined in California. Lane argues that, as a matter of equity, a stay should issue. When a foreign judgment is registered in Oregon, it becomes a judgment of the Oregon court and must be treated as such. *Stone v. Stone,* 268 Or 446, 449, 521 P2d 534 (1974). An Oregon court has discretion to stay execution of a judgment. ORCP 72. We review only for abuse of discretion. *Rajneesh Foundation v. McGreer,* 80 Or App 168, 174, 721 P2d 867 (1986), *rev'd on other grounds* 303 Or 139, 734 P2d 871; 303 Or 371, 737 P2d 593 (1987). The trial court did not abuse its discretion. Lane has an adequate remedy at law in California and will not suffer irreparable injury in the absence of a stay.

Affirmed.