Submitted on record and briefs June 17, 1991, affirmed January 15, 1992

## DAVID M. GARRICK,
*Petitioner,*

*v.*

## EASTERN OREGON CORRECTIONAL INSTITUTION,
*Respondent.*

(F03-90-131, F03-90-132;
CA A67762 (Control), CA A67997)
(Cases Consolidated)

823 P2d 1034

David M. Garrick, Salem, filed the brief *pro se* for petitioner.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Ann Kelley, Assistant Attorney General, Salem, filed the brief for respondent.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

PER CURIAM

Riggs, J., dissenting.

## PER CURIAM

Petitioner seeks review of a prison disciplinary order that found him in violation of OAR 219-105-015(13)[1] for conspiracy to commit assault and placed him in segregation for one year. He argues that there is no evidence that he conspired to commit an assault.[2]

Petitioner testified that he woke up when an inmate, in the cell directly across from him, broke the light fixture cover in his cell. There was evidence that petitioner was acting as a lookout while that inmate was breaking the fixture into pieces. A conversation was overheard between those two inmates in which one asked, "Are you through yet?" The answer was, "No, about another thirty minutes." Fixture pieces were found in both cells. A 9-inch piece of fixture, jagged and sharp on three sides, was found in petitioner's cell, hidden between the sheet and blanket.

Petitioner admitted that he had helped break the fixture into pieces but denied any conspiracy to fabricate a weapon or commit assault. He explained that he was breaking the pieces so that they could be flushed down the toilet. The hearings officer was not required to believe petitioner's testimony and could properly infer that the pieces were intended to be used as weapons in an assault. There is substantial evidence to support the order.

---

[1] OAR 291-105-015(13) provides:

"Conspiracy: No inmate shall enter into an agreement with any person(s) to engage in or cause rule violation(s) and/or assist person(s) in committing or concealing the commission of rule violation(s)."

OAR 291-105-015(4) provides:

"Assault: Except when absolutely necessary for self-defense, no inmate shall engage in a fight or intentionally inflict physical injury upon another person."

[2] Although it is not clear what records the Superintendent reviewed, petitioner moved "for correction of the judicial record" to include the interoffice memorandum describing the incident that gave rise to the challenged disciplinary order. Respondent did not oppose the motion.

ORS 183.482(4) provides, in part:

"The court may require or permit subsequent corrections or additions to the record when deemed desirable."

We allowed petitioner's motion and we have reviewed the additional documents to determine whether there is substantial evidence to support the disciplinary order. *See* ORS 421.195; ORS 183.482(8)(c).

Petitioner's other assignments of error do not require discussion.

Affirmed.

**RIGGS, J.,** dissenting.

The majority finds substantial evidence in the record to support the Correction Department hearing officer's conclusion that petitioner conspired to commit assault. I disagree.

The events leading up to the disciplinary action began late one night at EOCI when the guards on duty heard banging and scraping noises. They entered the cell area one or more times to investigate. During one of the attempted investigations, a guard observed petitioner acting as a lookout. The guards could not determine what the inmates were doing, because activity stopped every time they entered the cell area. A superior instructed the guards to turn on the PA system and record the sounds. The officer who recorded the sounds stated that "the described noises [and] bits of conversations [were] recorded," but "it was very difficult to understand any conversation." Although the recordings are referred to in the memoranda of several officers involved in the incident, they are not a part of the record.

The only bit of incriminating conversation reported in the record was an exchange, allegedly between petitioner and another inmate, in which one asked the other, "Are you through yet?" and the other replied, "No, about another thirty minutes." When the officers entered the area to shake down the cells an inmate said, apparently to petitioner, "There's too many of them, I'm gonna have to give up." Those bits of conversation do indicate that the speakers were acting in concert, but they do not indicate the purpose of the "conspiracy." One could just as easily infer that petitioner intended to use the weapon for self-protection from other inmates.

I agree with the hearings officer and the majority that petitioner was in the process of making a weapon out of the broken light fixture. However, I do not find any evidence in the record indicating that petitioner intended to use the weapon to commit an assault. Because there is not one

scintilla of evidence (much less "substantial evidence") supporting any inference as to the use of the weapon, I believe that the order finding that petitioner conspired to commit assault fails.

I dissent.