Argued and submitted May 14, affirmed December 10, 2008

## MORTGAGE GALERIA, LLC,
*Petitioner,*

*v.*

## EMPLOYMENT DEPARTMENT,
*Respondent.*

Employment Division - Tax Section
T70823; A133678

197 P3d 1146

Donald D. Dartt argued the cause and filed the brief for petitioner.

Judy C. Lucas, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Ortega, Judge, and Riggs, Senior Judge.

LANDAU, P. J.

**LANDAU, P. J.**

This is an unemployment insurance tax assessment case in which the Employment Department (department) determined that employer owes unpaid taxes. Employer asked for a hearing on that determination, but the department declined to hold one because employer had failed to file a valid hearing request by the statutory deadline. Employer now seeks judicial review of the department's final order rejecting its request for a hearing. We affirm.

ORS 657.505(2) provides that employers are required to pay unemployment insurance taxes on all wages paid for services performed. The taxes must be paid to the Director of the Employment Department. ORS 657.505(4). If the director of the department or an authorized representative has reason to believe that an employer is insolvent, the director or authorized representative is permitted to "make an immediate assessment of the estimated amount of accrued contributions, noting upon the assessment that it is a jeopardy assessment levied under this subsection, and may proceed to enforce collection immediately." ORS 657.681(4). This case involves such a jeopardy assessment.

The relevant facts, which are not in dispute, are as follows. On March 3, 2006, the department mailed a "Notice of Jeopardy Tax Assessment," citing employer's failure to pay $3,796.63 in unemployment insurance taxes, interest, and late report penalties for approximately two years. The notice stated that the assessment "will become final on March 23, 2006 unless a written request for a hearing is made" and the request is "accompanied by a deposit or bond" in the full amount of the assessment. The notice was prepared on department letterhead, with the department's address and telephone number listed at the bottom. It was, however, unsigned and did not include the name of any particular department employee as the sender.

On March 22, 2006, Olstad, one of employer's owners, mailed a written request for hearing, asserting that the assessment is "incorrect and unjust." The hearing request included a statement that, "[p]er today's conversation with Rob Edwards, the Employment Department has graciously

extended to [employer] extra time within which to find, procure and tender the requisite bond." The request for a hearing did not include either a deposit or a bond.

On April 6, 2006, the department mailed to employer a letter acknowledging receipt of the March 22 hearing request. The letter stated that the case file would be forwarded to the Office of Administrative Hearings for the sole purpose of determining whether the March 22 letter constituted a valid hearing request in light of the fact that it did not include either a deposit or a bond as required by law.

In the meantime, on May 11, 2006, the department served a notice of garnishment on employer's bank and successfully obtained from the bank the sum of $3,962.46, which was the amount the department calculated that employer owed—including interest, penalties, and fees—at that time.

At the hearing on the validity of employer's hearing request, Olstad testified that he called the department and a person who identified himself as Edwards answered the call. Olstad did not recall what section Edwards said he worked in. He did remember telling Edwards that he was having a difficult time finding a bond. According to Olstad, Edwards replied, "[D]on't worry about that now, keep looking. Just send us the notice." Olstad testified that he understood Edwards to have given him extra time within which to tender the bond and that "no time limit was set" on the duration of the extension. Based on that testimony, and the March 22 letter confirming the conversation, employer argued that the hearing request was valid because a bond was not required. In the alternative, employer argued that, in light of Edwards's extension of time, the department should be estopped from taking the position that the hearing request is invalid without a deposit or bond. It further argued that Edwards's extension constituted a waiver of the department's authority to insist on a deposit or a bond. It also argued that, in any event, the bond requirement became moot as soon as the department successfully garnished employer's bank account for the full amount due. Employer contended that the notice of assessment was invalid on its face because it was "anonymous" and unsigned. And

employer argued that the entire statutory process by which the assessment was imposed was unconstitutional.

The administrative law judge (ALJ) considered each of the foregoing contentions and rejected them. Among other things, she found as fact that the evidence that Edwards granted an extension of time was not persuasive, given that it is "vague, reflects only a part of the conversation * * *, [and] lacks specificity (*e.g.*, no length of time is specified)." The ALJ explained that Olstad's recollection in paraphrase, "offered by the party who benefits from the statement," simply was not sufficient to support a finding that an extension of time, in fact, had been granted.

■ On review, employer reprises each of the arguments that it asserted to the ALJ in support of its assertion that the March 22 hearing request was sufficient even though it did not include a deposit or a bond.[1] The department responds that, for the reasons set out in the ALJ's order, there was no error.

Under ORS 657.681(5), once the department has delivered notice of a jeopardy assessment, that notice "shall finally fix the amount of contributions due and payable *unless the employer shall within 20 days after the mailing of the notice of assessment apply to the director for a hearing.*" (Emphasis added.) If the notice of jeopardy assessment included a demand for a deposit or bond, a request for a hearing must include such a deposit or bond to be considered valid. ORS 657.683(1) expressly provides that

> "[a]n application for a hearing to review an assessment * * * that was accompanied by a demand for a bond or deposit *is not valid unless the bond or deposit is filed with the application* in a form acceptable to the director or authorized representative."

(Emphasis added.)

[1] Employer does so by crafting each of its arguments as a separate assignment of error. As we have explained many times, it is not appropriate to separately assign error to each reason for a single ruling. *E.g.*, *Simonsen v. Ford Motor Co.*, 196 Or App 460, 465-66 n 7, 102 P3d 710 (2004), *rev den*, 338 Or 681 (2005). Under our rules, there should be a single assignment of error, *viz.*, that the department erred in rejecting (for various reasons) employer's request for a hearing.

In this case, employer does not dispute that the department's notice of jeopardy assessment included a demand for a deposit or bond. Nor does it dispute the fact that it did not supply a deposit or bond with its request for a hearing. Employer's argument is that, for each of the reasons that it advanced to the ALJ, it was not required to satisfy the statutory deposit or bond requirement.

■ Employer contends that the ALJ erred in rejecting, as a matter of fact, that the department granted it an "open-ended extension" of time within which to supply a deposit or bond. Employer does not contest the fact that the only evidence of such an extension of time is hearsay testimony about a conversation in which a department employee, Edwards, supposedly granted the indefinite extension. Employer's argument is that that evidence, thin as it may be, is the *only* evidence that exists on the matter and is therefore binding. Cited in support of the proposition is *Stone v. Stone*, 268 Or 446, 521 P2d 534 (1974). The department responds that there is no such rule that requires an ALJ to accept any particular evidence.

■ We agree with the department. At the outset, it is important to understand the standard of review that applies at this juncture. The ALJ evaluated the persuasiveness of employer's evidence and, based on that evaluation, determined that employer had failed to establish the waiver of the bond requirement, as a matter of fact. We review the ALJ's findings of fact for substantial evidence. ORS 183.482(8)(c). "Substantial evidence" exists when the record as a whole "would permit a reasonable person to make that finding." *Id.* The focus of the inquiry is whether there is such substantial evidence to support the ALJ's findings, not whether there might also be substantial evidence to support findings that employer would rather the ALJ had made. *Powell v. Bunn*, 185 Or App 334, 339, 59 P3d 559 (2002), *rev den*, 336 Or 60 (2003).

■ It is also important to recall the allocation of the burden of proof. Employer is asserting that the department waived the statutory requirement of supplying a deposit or bond with a request for a hearing. As the party asserting the waiver, employer bears the burden of proof. *Bank of Eastern Oregon v. Griffith*, 101 Or App 528, 536, 792 P2d 1210 (1990).

The question for us, then, is whether a reasonable person, after examining the record as a whole, could find, as a factual matter, that employer did not meet its burden of proof; that is, could a reasonable person find that employer's evidence was not sufficiently persuasive to establish that the department had authorized an unlimited extension of time within which to supply a deposit or bond. We readily answer that in the affirmative. As the ALJ observed, the sole evidence of the supposed extension was Olstad's own account of a part of his conversation with a person who he assumed was a department representative and who he understood had granted him an unlimited extension of time within which to satisfy the requirement of supplying a deposit or bond. Given the vague nature of the account, the lack of specifics as to the supposed extension of time, and the fact that the only source of information about the conversation stood to benefit from it, it is not unreasonable that the ALJ found it unpersuasive.

Employer's reliance on *Stone* for the proposition that unrebutted evidence is binding on the finder of fact is unavailing. In fact, what the Supreme Court held in that case was that merely because a party's statement was admissible did *not* require the trial court to believe it. 268 Or at 450; *accord Bellairs v. Beaverton School District*, 206 Or App 186, 196, 136 P3d 93 (2006) (the obligation to consider evidence "is not an obligation to believe it"); *Garrick v. EOCI*, 110 Or App 624, 625, 823 P2d 1034 (1992) (agency not required to believe the petitioner's testimony).

Employer also argues that the department should have been estopped from arguing that the hearing request was inadequate, based on the extension of time that Edwards granted. In a similar vein, employer argues that Edwards effectively waived the deposit or bond requirement. In both cases, however, employer's arguments rely on the assumption that Edwards, in fact, granted it an extension or waiver. As we have noted, the ALJ found that employer failed to demonstrate that Edwards actually granted the extension or waiver. Given our conclusion that substantial evidence exists to support that finding, it necessarily follows that employer's estoppel and waiver contentions cannot be maintained.

■ Employer also contends that, in any event, the fact that the department later garnished employer's bank account for the full amount of the unpaid taxes, interest, penalties, and fees renders "moot" any contention that the request for a hearing was deficient for want of a deposit or bond. The department responds that there is no legal basis for asserting that an invalid hearing request can be retroactively cured by a subsequent garnishment.

We agree with the department. The issue before us is whether employer is entitled to the hearing that it requested on the notice of jeopardy assessment. Whether employer is entitled to a hearing depends on whether it filed a valid, timely hearing request. Employer's only hearing request was the March 22 letter, which was not accompanied by a deposit or a bond. The question, then, is the validity of the hearing request submitted *on March 22*. Employer cites no authority for the proposition that a hearing request that is invalid when filed, *see* ORS 657.683(1) (a hearing request "is not valid unless the bond or deposit is filed with the application"), can be rehabilitated by actions taken some time after the filing deadline. Events subsequent to March 22, therefore, are irrelevant to the question whether the hearing request filed on that date was valid. As discussed above, the March 22 hearing request was invalid and subsequent events did not render that invalidity moot.

Employer also challenges the lawfulness of the notice of jeopardy assessment itself. According to employer, because the law authorizes only the director or an authorized representative to issue such a notice, the anonymous notice that the department sent is invalid. The department responds that the issue is not properly before us. The department notes that the only issue before the ALJ was the validity of employer's request for a hearing.

We agree with the department. The only issue before us is the validity of employer's March 22 hearing request. In any event, the fact that a document—issued on department letterhead—does not include a signature by the director or an authorized representative does not establish that the document was not *authorized* by the director or an authorized representative. We reject the argument without further discussion.

■ Finally, employer challenges the constitutionality of the entire jeopardy assessment process. Although employer cites a number of different constitutional provisions—including the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Article I, section 10, of the Oregon Constitution—the precise nature of its argument is not entirely clear. The upshot seems to be that "[t]here must be some opportunity, either before or after the deprivation [of property], whereby the property owner, given notice, has an opportunity to challenge the propriety of the taking." The department responds that the statute does provide just such an opportunity for a hearing. The statute simply requires that the hearing be requested in a timely manner and supported by a deposit or bond.

Again, we agree with the department. The applicable statutes plainly provided employer the opportunity to challenge the propriety of the department's notice of assessment at a hearing. Those statutes require a timely and valid hearing request, a requirement of which is an accompanying deposit or bond. Nowhere does employer challenge the constitutionality of that requirement. We reject employer's final argument without further discussion.

Affirmed.